BLUE MOON SALOON, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. December 19, 1980. 1. The Alcoholic Beverages Control Commission (ABCC) correctly contends that in the present circumstances the appeal from the order of the Superior Court remanding this matter to the

---

[1] Commonwealth *vs.* Claire M. Fay, individually and as trustee, & another.

ABCC for further consideration is ripe for immediate appellate review. See *Cliff House Nursing Home, Inc.* v. *Rate Setting Commn.*, 378 Mass. 189, 191 (1979). See also *Wells* v. *Southern Airways, Inc.*, 517 F.2d 132, 132 n.3 (5th Cir. 1975), cert. denied, 425 U.S. 914, and sub nom. *Air Line Pilots Assn., Intl.* v. *Wells*, 425 U.S. 1000 (1976). From the viewpoint of the ABCC, the Superior Court judgment was final. Cf. *Seymour's Case*, 6 Mass. App. Ct. 935 (1978).

2. It was error for the judge of the Superior Court to order the ABCC to reconsider its decision affirming the local licensing authority's revocation decision. The judge found that the decision of the ABCC was based on substantial evidence.[1] "The judge may set aside the agency's decision only if it is '[u]nsupported by substantial evidence.'" *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152, 153 (1977). The ABCC's statutory authority to revoke the plaintiff's license is not open to doubt. *Id.* at 154. Thus, as revocation of a license is one of the sanctions provided by law (see G. L. c. 138, § 64), it cannot be said that revocation has no reasonable relation to the offending practices of the plaintiff. See *Jacob Siegel Co.* v. *FTC*, 327 U.S. 608, 612-613 (1946). See also *Number Three Lounge, Inc.* v. *Alcoholic Beverages Control Commn.*, 7 Mass. App. Ct. 301, 313 (1979).

3. The judge relied on the severity of the penalty as the basis for his remand of this matter to the ABCC. That was error. See *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 528-529 (1979). Compare *Number Three Lounge, Inc.* v. *Alcoholic Beverages Control Commn., supra* at 312-313.

The judgment is reversed, and the case is remanded to the Superior Court for the entry of a new judgment affirming the decision of the ABCC.

*So ordered.*

*Thomas Miller,* Assistant Attorney General, for the defendant.

---

[1] None of the other grounds set out in G. L. c. 30A, § 14(7), for setting aside the decision of an agency was relied on by the judge.

