UNIVERSITY HOSPITAL, INC. *vs.* MASSACHUSETTS COMMISSION
AGAINST DISCRIMINATION.

Suffolk.  September 12, 1985. — January 16, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Massachusetts Commission Against Discrimination. Quasi Judicial Tribunal. Statute,* Construction. *Interrogatories. Administrative Law,* Agency, Rule making. *Due Process of Law,* Adjudicatory proceeding.

The Massachusetts Commisison Against Discrimination had the power under
G. L. c. 151B to provide by rule for the use of interrogatories in connection with matters under investigation by the commission and, in the case
of a party failing to respond to the commission's interrogatories, to
impose sanctions including, as appropriate, an admission by that party
that the interrogatories, if answered, would have established facts in
accordance with the complainant's claim; a waiver of the party's right
to further investigation by the commission; and a waiver of the right to
present defenses. [535-538]
In the circumstances, the due process rights of a party under investigation
by the Massachusetts Commission Against Discrimination were not violated by the commission's actions pursuant to its procedural rules respecting the imposition of sanctions for a party's failure to answer the commission's interrogatories. [538-539]

CIVIL ACTION commenced in the Superior Court Department
on April 27, 1982.

The case was heard by *George W. Cashman, J.,* sitting
under statutory authority.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Kevin G. Powers* for the plaintiff.

*Barbara B. Dickey* for the defendant.

ABRAMS, J. The sole issue in this action is whether the
Massachusetts Commission Against Discrimination (commission) may issue interrogatories and apply default sanctions
pursuant to rule 11 of its procedural rules. The plaintiff, University Hospital, Inc., appeals from a judgment of the Superior

Court declaring that rule 11 is a valid exercise of the commission's rule making authority under G. L. c. 151B. We affirm.

The stipulated facts may be summarized as follows. On April 2, 1977, a former employee of the plaintiff filed a complaint with the commission alleging that he had been unlawfully terminated from his job because of his race, in violation of G. L. c. 151B, § 4. On April 25, 1977, the commission began its investigation of this charge by serving a set of interrogatories[1] on the plaintiff. The plaintiff did not respond. On November 18, 1977, the investigating commissioner ordered the plaintiff to respond within ten days. The order was sent to the plaintiff together with a notice of the commission's default procedure and the potential sanctions for failure to answer. The plaintiff then filed a motion requesting an extension of time. The extension was granted. On December 21, the plaintiff sent a letter notifying the commission of its refusal to answer any of the interrogatories because it believed that the rule exceeded the commission's statutory authority. As a result of the letter, an order of default was entered on March 9, 1978. On August 27, 1980, the plaintiff filed a motion to remove the default which the investigating commissioner denied on September 9, 1980. On November 3, 1980, the commissioner issued a probable cause finding and certification of the complaint for public hearing after default. On March 16, 1982, the case was placed on the hearing list, and the parties filed a prehearing conference memorandum on April 15, 1982. On May 3, 1982, the commission imposed sanctions on the plaintiff pursuant to rule 11.02 (c), consisting of (1) an admission that the interrogatories, if answered, would have established facts in accordance with the complainant's claim; (2) a waiver of the plaintiff's right to have the commission conduct further investigation; and (3) a waiver of the plaintiff's right to present defenses. On or about the same day, the plaintiff filed the action for declaratory and injunctive relief in Superior Court pursuant to G. L. c. 30A, § 7 (1984 ed.), and G. L. c. 231A, § 2 (1984 ed.).

---

[1] The plaintiff was sent a copy of the complaint and a set of eighteen interrogatories.

1. *Scope of authority.* The plaintiff argues that rule 11 is beyond the commission's power because the power to issue interrogatories is neither explicitly nor implicitly authorized by G. L. c. 151B, §§ 3 (6) or (7). The plaintiff asserts that the commission, as a statutory creature, "has only those powers, duties and obligations conferred upon it by statute and those reasonably necessary for its proper functioning." *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co., 371* Mass. 186, 189 (1976). The plaintiff contends that the omission of any specific reference to interrogatories in either § 3 (6) or § 3 (7) leaves the commission without any authority to issue them. It urges us to distinguish between interrogatories and subpoenas on the basis that the subpoena power specifically is mentioned in G. L. c. 151B, § 3 (7). It further contends that the Legislature, by specifying the investigative means available to the commission in G. L. c. 151B, § 3 (7), without including the use of interrogatories, evinced its intent to limit the investigative tools available to the commission. We do not agree.

The Legislature granted the commission broad authority to "receive, investigate and pass on" complaints of discrimination. The commission is required to make "prompt investigation" of all complaints under G. L. c. 151B, § 5, and to establish rules of practice to "expedite" as well as to "govern" and "effectuate" its procedures and actions thereunder. Finally, the commission is granted the power to issue subpoenas in both the investigative and adjudicative stages of the administrative proceedings. *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co., supra.*

In keeping with its statutorily delegated authority, the commission used its rule making authority to provide itself with the flexible tools it needs to investigate and to determine complaints concerning discrimination. One such tool is the use of interrogatories. See 804 Code Mass. Regs. 1.11.

Rule 11 is applied only after determination by the investigating commissioner that answers to interrogatories in a particular case "are likely to expedite the resolution of the complaint." 804 Code Mass. Regs. 1.11 (1). Interrogatories are "explora-

tory devices intended to uncover facts." See 4 B.J. Mezines, J.A. Stein & J. Gruff, Administrative Law § 23.03[3] n.78 (1984). They are a simple, efficient mechanism to gather preliminary information, see generally J.W. Smith & H.B. Zobel, Rules Practice § 33.2, at 317-318 (1975); 8 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2163 (1970 & Supp. 1985), and have long been "a familiar and convenient practice." *Beauregard* v. *Capitol Amusement Co.*, 301 Mass. 142, 145 (1938). "Unless the commission has the power to obtain necessary information during the course of its investigations, the broad remedial purposes of the legislation cannot be effectuated, and the commission will be unable to function effectively." *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co., supra* at 192. If, as the plaintiff suggests, the commission were limited to issuing subpoenas and seeking court enforcement on noncompliance, its investigative function would be encumbered unnecessarily with trial-like procedures. See *Hannah* v. *Locke,* 363 U.S. 420, 448 (1960). Such procedures also would delay the prompt disposition of complaints. The plaintiff's contention that the opportunity for judicial review is "circumvented" by the use of interrogatories is unpersuasive. There is no statutory or constitutional requirement for judicial intervention at a preliminary stage of the proceedings. We decline to impose such a requirement.

2. *Sanctions.* The plaintiff argues that, even if the commission has the power to issue interrogatories, it does not have the power to impose sanctions on a party for failure to answer them. The plaintiff attacks the sanctions imposed under rule 11 as excessive and therefore not reasonably related to the statutory goal. It also attacks the sanctions on constitutional grounds.

Where a legislative body "has entrusted an administrative agency with the responsibility of selecting the means of achieving [a] statutory policy 'the relation of remedy to policy is peculiarly a matter for administrative competence.' " *Kulkin* v. *Bergland,* 626 F.2d 181, 184 (1st Cir. 1980). *Butz* v. *Glover Livestock Comm'n Co.,* 411 U.S. 182, 185 (1973). A sanction is valid as long as it is not arbitrary, capricious, or unwarranted

in law. *Kulkin* v. *Bergland, supra.* See *Borden, Inc.* v. *Commissioner of Pub. Health,* 388 Mass. 707, 722-724, cert. denied sub nom. *Formaldehyde Inst., Inc.* v. *Frechette,* 464 U.S. 936 (1983). The sanctions involved here — namely, the preclusion of evidence at the hearing (804 Code Mass. Regs. 1.11 [2][c], [h]) and the application of the adverse inference rule (804 Code Mass. Regs. 1.11 [2][a]) — have their counterpart in both the Massachusetts and Federal Rules of Civil Procedure.[2] Rule 11 specifically incorporates by reference Mass. R. Civ. P. 37 (b) and empowers the commission to impose appropriate sanctions "following that Rule 37(b)." 804 Code Mass. Regs. 1.11 (2)(c). Thus, the commission has as reference a body of existing law upon which to draw in determining what is appropriate relief in a given case.[3] The commission may also relax any rule in the interest of justice. 804 Code Mass. Regs. 1.01 (1978). See generally 8 C.A. Wright & A.R. Miller, *supra* at § 2284.

Rule 11 also provides a respondent with several opportunities to avoid default. A respondent is entitled to object to any question and the investigating commissioner must rule on the objection. 804 Code Mass. Regs. 1.11 (2)(b). The plaintiff did not object or claim that the interrogatories were irrelevant, overbroad, or unreasonable in scope. We do not agree with the plaintiff that this opportunity for review is meaningless because the issuer of the interrogatories is also the reviewer. Notions of administrative autonomy and judicial economy "require that the agency be given a chance to discover and correct its own errors." *McKart* v. *United States,* 395 U.S. 185, 195

---

[2] See Mass. R. Civ. P. 37 (b), 365 Mass. 797 (1974). In discussing its Federal counterpart, Fed. R. Civ. P. 37(b), the Supreme Court has stated that "while [lenity is] certainly a significant factor in considering the imposition of sanctions under Rule 37, [it] cannot be allowed to wholly supplant other and equally necessary considerations embodied in that Rule." *National Hockey League* v. *Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976). One such consideration is the deterrence factor. *Id.* at 643.

[3] In construing our rules, the construction of the Federal rules is to be followed, absent compelling reasons or significant differences in content. *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975).

(1969). See *Assuncao's Case,* 372 Mass. 6, 8-10 (1977). Moreover, the plaintiff misperceives rule 11. The investigating commissioner's authority is limited to defaulting a party. The investigating commissioner cannot impose sanctions, only the commission itself may. 804 Code Mass. Regs. 1.11 (2)(c). This is an independent determination made at the adjudicative stage which is a "clearly separate" proceeding. *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination,* 364 Mass. 444, 452 (1973).

In considering what sanctions were appropriate, the commission could view the long delay caused by the plaintiff's failure to answer the interrogatories, to object to specific interrogatories, or to use other procedures set forth in the rule.[4] "It is 'well settled that in reviewing the penalty imposed by an administrative body which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter; nor can the reviewing court interfere with the imposition of a penalty by an administrative tribunal because in the court's own evaluation of the circumstances the penalty appears to be too harsh.' *Shakin* v. *Medical Examiners,* 254 Cal. App. 2d 102, 112-113 (1967), appeal dismissed and cert. denied, 390 U.S. 410 (1968), quoting from *Brown* v. *Gordon,* 240 Cal. App. 2d 659, 667 (1966)." *Levy* v. *Board of Registration & Discipline in Medicine,* 378 Mass. 519, 529 (1979).

3. *Violation of constitutional rights.* The plaintiff also contends that the default provisions of rule 11 violate constitutional standards of due process not only because of their "Draconian" nature but also because of the lack of judicial or administrative review prior to the imposition of sanctions. Assuming this claim to be properly before us,[5] we find it to be without merit.

_____

[4] The plaintiff filed a motion to remove the default more than two years after entry, but even then did not comply with the rule. Not one interrogatory was answered nor was any affidavit included despite the requirement that "[t]he respondent's assertion of good cause shall be in affidavit form and shall include the full and complete answers to all interrogatories." 804 Code Mass. Regs. 1.11 (2)(f).

[5] The plaintiff states that it raised this issue orally and filed a written request for a ruling of law in the Superior Court. The judge denied the

These provisions afford the respondent reasonable procedural safeguards for notice and an opportunity to be heard. The consequences of failure to answer are clearly brought to the respondent's attention, both initially and prior to the entry of default. See 804 Code Mass. Regs. 1.11 (2)(a), (2)(d), (2)(g). In addition to the opportunity to object, there are provisions for extensions of time, both as a matter of right and of discretion. 804 Code Mass. Regs. 1.11 (1), (2)(a)(1), (2)(b). A respondent at any time after the entry of default and before the hearing may petition to vacate the default "for good cause shown." 804 Code Mass. Regs. 1.11 (2)(f). Finally, the plaintiff has the right to seek judicial review of the entire proceedings pursuant to G. L. c. 151B, § 6, and G. L. c. 30A, § 14 (1984 ed.).[6] In these circumstances, the plaintiff has not shown any violation of its due process rights.

We conclude that the judge correctly declared that rule 11 (804 Code Mass. Regs. 1.11) is a valid exercise of the commission's statutory rule making authority.

*Judgment affirmed.*

---

request. There is nothing in the record to indicate that the plaintiff raised any constitutional objection before the commission. See *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy,* 390 Mass. 583, 590 (1983).

[6] A New Jersey trial court concluded that a nearly identical default procedure in an interrogatory rule promulgated by the Division on Civil Rights was valid. See *General Motors Corp.* v. *Blair,* 129 N.J. Super. 412 (1974).