J. C. HILLARY'S *vs.* MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & others.[1]

No. 88-P-117.

Suffolk.   December 15, 1988. — April 21, 1989.

Present: GREANEY, C.J., ARMSTRONG, & WARNER, JJ.

*Massachusetts Commission Against Discrimination. Anti-Discrimination Law*, Burden of proof, Damages. *Administrative Law*, Judicial review. *Damages*, Under anti-discrimination law.

A judge in the Superior Court was without authority to remand a case for further hearings before the Massachusetts Commission Against Discrimination on the question of mitigation of damages, where the party who had been found to have engaged in unlawful sex discrimination had failed to meet its burden of showing mitigation before the hearing commissioner and where the full commission had properly refused to reopen the hearing to allow presentation of specific evidence on that issue. [207-210]

CIVIL ACTION commenced in the Superior Court Department on July 3, 1986.

The case was heard by *Vincent F. Leahy*, J., sitting under statutory authority.

*Kenneth M. Bello* (*Karen B. Burns* with him) for the plaintiff.

*Judith E. Kaplan* for Massachusetts Commission Against Discrimination.

*John J. Barter* for Sara Young.

*Bruce M. Alpert*, for Maureen Ahern, was present but did not argue.

WARNER, J.  J. C. Hillary's (Hillary's) appealed to the Superior Court, see G. L. c. 30A, § 14, from a decision of the Massachusetts Commission Against Discrimination (commission) which determined that Hillary's had engaged in unlawful

---

[1] Maureen Ahern and Sara Young.

sex discrimination by deterring two women (the complainants) from applying for an advertised position as a bartender at its Dedham restaurant.[2] The commission awarded back pay and damages for emotional distress to each of the complainants. After review of the record of the proceedings of the commission and argument of counsel, the judge made a written decision and ordered the case remanded to the commission "for the sole purpose of allowing Hillary's to present additional evidence on the issue of mitigation of damages." From the ensuing judgment reflecting that order, each of the parties has appealed.

Our review is circumscribed by the judge's statements in his decision as to the issues presented to him. In this regard, the judge said: "Hillary's does not . . . challenge the [c]ommission's award of damages for emotional distress. . . . [T]he only issue before me is whether or not the case should be remanded to the [c]ommission on the question of mitigation of damages. . . . Hillary's, in open court, did not challenge its liability on the question of discrimination on account of sex. Nor did it challenge the award of $40,000 to each [complainant]. It seeks only a remand so that it may be given a second opportunity to present evidence in mitigation of such damages." We accept the judge's statement of the issue tried to him in the absence of contradiction supported by the record. Although Hillary's disputes the judge's statement of the issue — arguing that it contested the validity of any back pay order[3] — it offers no record support, and we have found none. If Hillary's disagreed with the judge's statement, it could have moved to amend the findings, see Mass.R.Civ.P. 52(b), 365 Mass. 817 (1974), or otherwise sought to correct the record.

Nevertheless, Hillary's in its briefs argues the question of the propriety of any back pay order, and the other parties, seemingly in lock step, do the same. We do not consider the issue. While it is true that Hillary's complaint for review of the commission's decision in the Superior Court was sufficient

---

[2] The complainants intervened as defendants. See G. L. c. 30A, § 14(2).

[3] Hillary's does not argue on appeal against the finding of unlawful sex discrimination or the awards of damages for emotional distress.

to raise all of the issues presented to the commission, the arguments which it may make on appeal are confined to those questions which were actually tried to the judge. See *Mirageas. v. Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 818 (1984).

We turn then to the only issue which comes to us on the appeals of the commission and the complainants.[4] That question, as addressed by the parties, is itself a narrow one: whether there was error in the order of remand to reopen the hearings before the commission for the purpose of allowing Hillary's to produce evidence of the interim earnings of the complainants — defined by the hearing commissioner, without objection, to encompass the period from the date when a bartender was hired for the position for which the complainants applied to the date of the hearing.

The judge properly recognized that his function was to review the commission's decision under the standards prescribed by G. L. c. 151B, § 6. *Smith College* v. *Massachusetts Commn. Against Discrimination*, 376 Mass. 221, 224 (1978). He concluded that (1) the complainants had met their burden of establishing damages; (2) Hillary's had the burden to present evidence of interim earnings of the complainants, see *Buckley Nursing Home, Inc.* v. *Massachusetts Commn. Against Discrimination*, 20 Mass. App. Ct. 172, 185 (1985), and failed to do so; (3) there was no error on the part of the commission in rejecting Hillary's excuse for the omission; (4) he could "justifiably" affirm the commission's decision; (5) it is not the court's or the commission's obligation to correct errors of a

---

[4] There is no merit to Hillary's argument that any appeal is premature because the order of remand was interlocutory. A single justice of this court correctly denied Hillary's motion to dismiss the appeals of the commission and the complainants, observing that, as to the commission, the Superior Court judgment was final. See *Cliff House Nursing Home, Inc.* v. *Rate Setting Commn.*, 378 Mass. 189, 191 (1979); *Blue Moon Saloon, Inc* v. *Alcoholic Beverages Control Commn.*, 11 Mass. App. Ct. 890, 891 (1980). Cf. *Salem* v. *Massachusetts Commn. Against Discrimination*, 404 Mass. 170 (1989). No appeal was taken from that order. Thereafter, the single justice allowed the late entry of Hillary's appeal and the consolidation of all appeals.

party during the course of trial; and (6) the commission's "decision is based on the evidence and in all respects is reasonable and in accordance with the law." Nonetheless, the judge also concluded that he had discretion to remand the case for further hearings on the question of interim earnings in order to avoid a "miscarriage of justice." There was, the judge said, ineffectual assistance of counsel and "to allow the $40,000 awards to stand would result in a windfall to the [complainants]," amounting to the assessment of punitive damages against Hillary's.[5]

The standards of review provided by G. L. c. 30A, § 14(7), are precise. The judge concluded that the commission's decision was correct, and, contrary to Hillary's contention, that the commission did not abuse its discretion in refusing to reopen the hearings to receive evidence of interim earnings. He was thus, on the basis of his own conclusions, without authority to take the action he did. General Laws c. 30A, § 14(7), does not vest the reviewing judge with a roving commission to undo that with which he disagrees. See *University Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination,* 396 Mass. 533, 538 (1986); *Vaspourakan Ltd.* v. *Alcoholic Beverages Control Commn.,* 401 Mass. 347, 355 (1987); *Blue Moon Saloon, Inc.* v. *Alcoholic Beverages Control Commn.,* 11 Mass. App. Ct. 890, 891 (1980).

We are not bound by the Superior Court judge's conclusions, however, and must independently review the commission's decision under the same standards. See *Smith College* v. *Massachusetts Commn. Against Discrimination,* 376 Mass. at 224.

In the proceedings before the hearing commissioner, Hillary's clearly failed to meet its burden of showing interim earnings. Although there was some evidence that the complainants each had worked during the relevant period — and one returned

---

[5] The hearing commissioner determined back pay to be $80,626 but concluded that, as there was only one position to be filled, that amount should be divided equally between the complainants. A back pay award should not make a complainant "more than whole." *New York & Massachusetts Motor Serv., Inc.* v. *Massachusetts Commn. Against Discrimination,* 401 Mass. 566, 582 (1988). Whether the result in this case would be a "windfall" to either of the complainants was, on the record before the judge, entirely speculative.

to school for a time[6] — there was no evidence of the actual earnings of either of them which would allow for more than speculation. The hearing commissioner so found. It is apparent from a reading of the transcript of those proceedings that such evidence as there was, was introduced on the question of damages. In its appeal to the full commission, Hillary's sought the reopening of the hearings to be allowed to present specific evidence of interim earnings on the ground of the inexperience of its counsel.

Under the commission's rules of procedure, it *may* order that additional evidence be taken if the moving party shows "to the satisfaction of the Commission that the additional evidence is [1] material to the issues in the case, and that [2] *there was good reason for failure to present it in the proceeding before the Hearing Commissioner*" (emphasis supplied). 804 Code Mass. Regs. § 1.16(7) (1978). The commission denied Hillary's application, concluding that its counsel's unpreparedness and inexperience did not constitute good reason for reopening the hearings.[7] While one may sympathize with the judge's feeling that refusal was harsh, one cannot properly conclude that the commission abused its discretion. See *Fanion* v. *Director of the Div. of Employment Security*, 391 Mass. 848, 850-852 (1984).

In this appeal, Hillary's argues that the order of remand of the Superior Court was correct because there was error of law in the failure of the hearing commissioner on her own to elicit specific evidence as to the interim earnings of the complainants. On the other hand, the complainants and the commission say that the burden of proof rested solely with Hillary's and the hearing commissioner did not have an affirmative duty to see

---

[6] See *Washington* v. *Kroger Co.*, 671 F.2d 1072, 1079 (8th Cir. 1982).

[7] Twenty-seven days after Hillary's complaint for review was filed in the Superior Court, it moved for leave to present additional evidence. See G. L. c. 30A, § 14(6); G. L. c. 151B, § 6. The motion is not included in the record. The statutory standards for granting such a motion are essentially the same as those contained in the commission's regulation. Indeed, the regulation appears to have been drawn directly from G. L. c. 30A, § 14(6). The motion was denied without opinion by a judge who was not the trial judge.

to it that evidence was produced on interim earnings. There was no error.

Hillary's reliance on certain provisions of the Standard Rules of Practice and Procedure, see 801 Code Mass. Regs. §§ 1.01 et seq. (1979), promulgated pursuant to G. L. c. 30A, § 9, is misplaced, as those rules have no application to commission proceedings.[8] The rules which do apply, the commission's own Rules of Procedure, see 804 Code Mass. Regs. §§ 1.01 et seq.; G. L. c. 30A, § 9, and c. 151B, § 3(5), contain no comparable provision.

It is unnecessary to address each of the commission and Federal and Massachusetts decisions which Hillary's contends support its position on the duty of the hearing commissioner to elicit evidence. It is enough to say that Hillary's argument confuses both the obligation to adduce evidence with the right to do so (including reopening of hearings) and the obligation to deduct interim earnings when proved with the burden of proof on the question. See, e.g., *School Comm. of Newton* v. *Labor Relations Commn.*, 388 Mass. 557 (1983); *Fanion* v. *Director of the Div. of Employment Security*, 391 Mass. at 850-852; *New York & Massachusetts Motor Serv., Inc.* v. *Massachusetts Commn. Against Discrimination*, 401 Mass. 566 (1988); *Buckley Nursing Home, Inc.* v. *Massachusetts Commn. Against Discrimination*, 20 Mass. App. Ct. at 185; *Marks* v. *Prattco, Inc.*, 607 F.2d 1153 (5th Cir. 1979), S.C. 633 F.2d 1122 (5th Cir. 1981); *Barina* v. *Springfield Municipal Hosp.*, 2 Mass. Discrimination L. Rep. 1057 (1980); *Nardone* v. *Chelsea Indus., Inc.*, 4 Mass. Discrimination L. Rep. 1053 (1982). Cf. *School Comm. of Brockton* v. *Massachusetts Commn. Against Discrimination*, 377 Mass. 392, 402-403 (1979). Contrast *Equal Employment Opportunity Commn.* v.

---

[8] Moreover, Hillary's argument is misleading. Those portions of the rules which it cites in support of a duty of a hearing officer to elicit evidence apply only to *informal* hearings, i.e., those which must be held on the request of a person dissatisfied with the action or inaction of an agency or veteran's agent with respect to a claim for benefits or services. See 801 Code Mass. Regs. § 1.02(1), (2) & 10(g). There are no corresponding provisions in the standard rules for *formal* hearings.

*Monarch Mach. Tool Co.*, 737 F.2d 1444 (6th Cir. 1980), where an entire judgment in a sex discrimination case was vacated and a new trial ordered.

As Hillary's failed to meet its burden of proof on the issue of interim earnings, and as there was no abuse of discretion or error of law in the denial by the commission of Hillary's request to reopen the hearings to receive additional evidence on the question, the judgment of the Superior Court must be reversed, and a new judgment is to be entered affirming the decision of the commission.

*So ordered.*