NORTHEAST METROPOLITAN REGIONAL VOCATIONAL
SCHOOL DISTRICT SCHOOL COMMITTEE *vs.* MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION.

No. 90-P-19.

Suffolk. March 11, 1991. - July 18, 1991.

Present: WARNER, C.J., JACOBS, & PORADA, JJ.

*Anti-Discrimination Law*, Sex, Prima facie case, Burden of proof, Damages. *Massachusetts Commission Against Discrimination. Employment*, Discrimination. *Damages*, Under anti-discrimination law. *Evidence*, Administrative proceeding.

At a hearing before a single commissioner of the Massachusetts Commission Against Discrimination, the commissioner properly admitted evidence of bias and unlawful motive contained in statements of two members of a regional district school committee, and the commission properly relied on that evidence in concluding that the complainant had established a prima facie case of employment discrimination by the school committee. [86-88]

The Massachusetts Commission Against Discrimination concluded, on the basis of substantial evidence, that the complainant had proved by a preponderance of the evidence that the reasons advanced by a school committee for failing to select her as superintendent were mere pretexts for an unlawful, discriminatory decision on the basis of the complainant's gender. [89-90]

In a gender discrimination case, the Massachusetts Commission Against Discrimination's award of damages was based on substantial evidence. [90]

CIVIL ACTION commenced in the Superior Court Department on September 22, 1988.

The case was heard by *J. Harold Flannery*, J.

*Eugenia M. Guastaferri* for the defendant.

*David A. Guberman* (*Nereyda Garcia* with him) for the plaintiff.

PORADA, J. When the Northeast Metropolitan Regional Vocational School District School Committee (committee)

31 Mass. App. Ct. 84                                                    85

Northeast Met. Reg. Vocational Sch. Comm. *v.* Massachusetts Comm'n Against Discrimination.

failed to select Charlotte Scott on August 21, 1980, for the position of superintendent-director, she filed a complaint with the Massachusetts Commission Against Discrimination (commission) alleging that the committee had discriminated against her in its selection process because of her sex, in violation of G. L. c. 151B, § 4(1). After a hearing, a single commissioner determined that the complainant had established a prima facie case of sex discrimination against the committee and that the committee had not articulated a legitimate nondiscriminatory reason for its failure to appoint her. The presumption of discrimination raised by the complainant's prima facie case was, therefore, left unrebutted. The single commissioner ordered the committee to cease and desist from discriminating against its employees and potential employees on the basis of sex and awarded back pay damages to the complainant of $48,507, together with interest.

The committee filed an appeal with the commission. The commission affirmed the single commissioner's decision. In doing so, the commission held that it was questionable whether the committee had met its burden of producing credible evidence that the reason or reasons advanced for failing to select the complainant for the position were the real reasons and that, even if the committee met its burden, the complainant produced ample evidence to show that the articulated reasons were mere pretexts for a discriminatory decision. On the committee's appeal to the Superior Court, the judge ruled that these conclusions of the commission and its award of damages were not supported by substantial evidence. The judge vacated the commission's decision and remanded the case to the commission for further proceedings to determine if the reasons advanced by the committee for its failure to appoint the complainant were mere pretexts for discriminatory action and, if so, to recalculate the award of damages based on additional evidence of the complainant's actual salary in her new position as superintendent of the Montachusett Regional Vocational Technical School.

On appeal, the commission argues that the judge erred in his ruling that the commission's findings as to sex discrimination and damages were not supported by substantial evidence. We vacate the order of the judge in the Superior Court and affirm the commission's decision for the reasons given.

To establish a case of gender discrimination where an employee claims that the stated reason for an employer's decision is a mere pretext for its real reason, a three-step process is usually required. *Wheelock College* v. *Massachusetts Commn. Against Discrimination,* 371 Mass. 130, 138-139 (1976). *Smith College* v. *Massachusetts Commn. Against Discrimination,* 376 Mass. 221, 229-230 (1978). *McDonnell-Douglas Corp.* v. *Green,* 411 U.S. 792, 802-804 (1973). The plaintiff must prove by a fair preponderance of the evidence a prima facie case of sex discrimination. If she succeeds, then the defendant has the burden of producing evidence that the plaintiff was rejected or someone else selected for a legitimate, nondiscriminatory reason. If the defendant meets its burden of production, then the plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were pretexts for discrimination. *Trustees of Forbes Library* v. *Labor Relations Commn.,* 384 Mass. 559, 566 (1981). *Texas Dept. of Community Affairs* v. *Burdine,* 450 U.S. 248, 252-253 (1981). In this case, there is no question that the complainant, under the first step, established a prima facie case of gender discrimination by substantial evidence. She introduced evidence credited by the commission that she applied for the position of superintendent-director, that she was qualified for the position, and that she was rejected under circumstances which gave rise to an inference of unlawful discrimination. See *Texas Dept. of Community Affairs* v. *Burdine,* 450 U.S. at 253. Those circumstances were statements made during the selection process by the chairperson of the search-subcommittee, Pacino, that "we don't want a woman in that position [superintendent-director]," and by another committee member, Connolly, "I don't know why

31 Mass. App. Ct. 84    87

Northeast Met. Reg. Vocational Sch. Comm. *v.* Massachusetts Comm'n Against Discrimination.

you even applied. What we need is a big, strong man with a big, strong voice who can come to the committee and fight." Those circumstances also included statements by two other committee members, Holland and Barry, to the complainant after the selection process that she had been the object of discrimination because of her sex. The committee argues, however, that this evidence should not have been admitted by the single commissioner and that, without it, the complainant has not established a prima facie case by substantial evidence.

The single commissioner did not err in admitting that evidence. The committee's challenge to the evidence was based on grounds that it constituted a violation of the parol evidence rule, was hearsay, and was unreliable. The committee's reliance on the parol evidence rule is misplaced. This evidence was not introduced to vary the record of the committee's action, see *Carbone, Inc.* v. *Kelly*, 289 Mass. 602, 605 (1935), but to prove bias and an unlawful motive of the school committee members and, as such, was admissible. See *Shoppers' World, Inc.* v. *Board of Assessors of Framingham*, 348 Mass. 366, 371-372 (1965). Nor was it objectionable on hearsay grounds. These statements could properly be considered as admissions of a party opponent under the then prevailing practice in Massachusetts courts. See *Mailhiot* v. *Liberty Bank & Trust Co.*, 24 Mass. App. Ct. 525, 529-530 n.5 (1987). These statements were all made by committee members relative to a decision within the scope of their authority and to which they were privy. In addition, Pacino was both the chairperson of the search sub-committee and chairperson of the committee when he made his statement and Holland was the chairperson of the committee, Pacino's successor, when she made her statement. See also *Ruszcyk* v. *Secretary of Pub. Safety*, 401 Mass. 418, 422-423 (1988). Fed.R.Evid. 801(d)(2)(D). There is also no merit to the committee's argument that the evidence was unreliable. That argument was directed to Barry's deposition testimony containing Pacino's statement. Where there is conflicting evidence, the court must defer to the fact finding

function of the single commissioner. *Wheelock* v. *Massachusetts Commn. Against Discrimination,* 371 Mass. at 132-133. Her reasons for crediting this testimony were more than adequate.

Even had any of those statements been inadmissible under the rules of evidence, they were properly admitted and considered by the commission. The commission is not bound by strict rules of evidence. G. L. c. 151B, § 5. G. L. c. 30A, § 11(2). Its regulations provide that the "Commission shall not be bound by the rules of evidence observed by courts except for the rules of privilege . . . So far as practicable, however the Commission shall follow the rules of evidence then prevailing in the courts of the Commonwealth." 804 Code Mass. Regs. § 1.15 (14) (1986). This regulation does not deprive a hearing commissioner of her discretion in admitting evidence and crediting it, even if it would be inadmissible under the rules of evidence, if it bears indicia of reliability. See *College-Town, Division of Interco, Inc.* v. *Massachusetts Commn. Against Discrimination,* 400 Mass. 156, 169 (1987). *Embers of Salisbury, Inc.* v. *Alcoholic Beverages Control Commn.,* 401 Mass. 526, 530 (1988). The commission properly relied on this evidence in concluding that a prima facie case had been established.

We do agree with the judge of the Superior Court that the commission erred in concluding that the committee failed to meet its burden, in the second step of the process, of producing evidence that the complainant was rejected for a nondiscriminatory reason. *Trustee of Forbes Library* v. *Labor Relations Commn.,* 384 Mass. 559, 566 (1981). The committee did introduce evidence that the successful applicant's experience was superior to that of the complainant in that he was then serving as an acting superintendent of a vocational high school, and his work experience in a vocational high school setting was broader than the complainant's, which was limited to the administration of health occupation programs. The employer need not persuade the trier of fact, under the second step, that it was correct in its belief or was motivated

31 Mass. App. Ct. 84                                    89

Northeast Met. Reg. Vocational Sch. Comm. *v.* Massachusetts Comm'n Against Discrimination.

solely by the proffered reason.[1] *Ibid.* It is sufficient if the defendant presents evidence which articulates a "legitimate nondiscriminatory reason" for its action, which we conclude it did. *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. at 136-137. *Lewis* v. *Area II Homecare for Senior Citizens, Inc.*, 397 Mass. 761, 766 (1986).

The commission concluded, however, that even if the committee had met its burden of articulating a legitimate nondiscriminatory reason, the plaintiff, under the third step, had proved by a preponderance of the evidence that the reason or reasons advanced were mere pretexts for a discriminatory decision. This finding was rejected by the judge because he found it was not based on substantial evidence. We disagree. General Laws c. 30A, § 1(6) (1988 ed.), defines "substantial evidence" as "such evidence as a reasonable mind might accept as adequate to support a conclusion." While it is true that the committee was comprised of twelve members and there was direct evidence of sexual bias exhibited by only two of its members, this is not fatal to the complainant's case. *Southern Worcester County Reg. Vocational Sch. Dist.* v. *Labor Relations Commn.*, 386 Mass. 414, 421 (1982). The complainant can establish proof of gender discrimination by direct or circumstantial evidence or both. *Ibid.* Here, the statements made by the two members of the committee were couched in terms of "we do not want a woman in that posi-

---

[1]In *Price Waterhouse* v. *Hopkins*, 490 U.S. 228, 244-247 (1989), which was decided after the trial judge entered his findings and original order in this case, the Supreme Court held that where there is evidence of both a legitimate and an illegitimate motive for an employer's decision, the employer bears not only the burden of production of a legitimate motive for its decision but also the burden of proof by a preponderance of the evidence that it would have made the same decision based solely on the legitimate motive. See the discussion of the evolution of the methods of allocating evidentiary burden in discrimination cases set forth in *Johnson* v. *NCR Comten, Inc.*, 30 Mass. App. Ct. 294, 296-301 (1991).

We need not address whether the principles enumerated in the *Price Waterhouse* decision are applicable here, because this case was tried as a pretext case and our decision upholds the commission's finding that the committee's reasons for its decision were pretexts for discrimination. See *Price* v. *Waterhouse*, 490 U.S. at 247, n. 12.

tion" and "what we need is a big strong man who can come to the committee and fight." When this evidence is considered along with statements made by the chairperson of the committee and another committee member that the complainant was the victim of discrimination based on her sex in the selection process and evidence of her qualifications, including the testimony of another committee person that the complainant was the best qualified person for the job, we conclude that the commission's determination that the reasons advanced for the complainant's rejection were mere pretexts is based on evidence that a reasonable person might accept as adequate to support these conclusions.

We also conclude that the commission's award of damages was based on substantial evidence. The judge in the Superior Court determined that the complainant had failed to prove her damages because she did not prove what her salary would have been if appointed superintendent by the committee and what her salary was in her new job as superintendent of the Montachusett school after her first year of employment. The burden rested with the committee, rather than the complainant, to prove the complainant's interim earnings at the Montachusett school in mitigation of damages. *J.C. Hillary's* v. *Massachusetts Commn. Against Discrimination*, 27 Mass. App. Ct. 204, 206, 209-210 (1989). In addition, there was evidence of the new superintendent's salary at the Northeast school from September, 1980, until the hearing date; the complainant's salary at Northeast in September, 1980; the complainant's initial salary at Montachusett in 1981; and the complainant's qualifications. This evidence was adequate to justify the commission's award of back damages of $48,507.

The judgment of the Superior Court is reversed, and a judgment shall be entered affirming the commission's decision.

*So ordered.*