Northeast Met. Reg. Vocational Sch. Comm. *v.* Massachusetts Comm'n Against Discrimination.

NORTHEAST METROPOLITAN REGIONAL VOCATIONAL
SCHOOL DISTRICT SCHOOL COMMITTEE *vs.* MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION.

No. 92-P-925.

Suffolk. November 8, 1993. - January 24, 1994.

Present: PERETTA, KAPLAN, & FINE, JJ.

*Administrative Law*, Evidence, Remand to agency. *Practice, Civil*, Relief
from judgment. *Damages*, Under anti-discrimination law, Mitigation.
*Anti-Discrimination Law*, Damages.

A Superior Court judge had authority to exercise his discretion under
G. L. c. 30A, § 14 (6), to grant a party leave to present. additional
evidence to the agency whose decision was under review; the matter
was remanded for further proceedings on the party's motion under that
section. [818-819]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 22, 1988.

After review reported in 31 Mass. App. Ct. 84 (1991), a
motion for relief from judgment was considered by *J. Harold
Flannery*, J.

*David A. Guberman* for the the plaintiff.

*Eugenia M. Guastaferri* for the defendant.

FINE, J. This is an appeal from a Superior Court judge's
denial of a motion under Mass.R.Civ.P. 60(b)(6), 365 Mass.
829 (1974), for relief from a judgment affirming the Massa-
chusetts Commission Against Discrimination's (commis-
sion's) decision against Northeast Metropolitan Regional Vo-
cational School District School Committee (Northeast) in a

sex discrimination case. [1] The rule 60(b) motion was brought by Northeast to enable the judge to hear and decide a previously filed motion under G. L. c. 30A, § 14(6), for leave to present additional evidence to the commission. Relying on *J.C. Hillary's* v. *Massachusetts Commn. Against Discrimination*, 27 Mass. App. Ct. 204 (1989), the judge ruled that he had no authority to allow the motion under G. L. c. 30A, § 14(6). We do not agree.

We set forth the procedural background. Charlotte Scott filed a complaint with the commission alleging that Northeast had engaged in sex discrimination when it hired another candidate in 1980 to serve as superintendent. An evidentiary hearing was held before a hearing commissioner on October 17, 1985. To prove her damages, Scott presented evidence of her starting salary as superintendent of the Montachusett Regional Vocational Technical School for the 1980-1981 school year and the salary paid to Northeast's new superintendent from the time he was hired until the date of the hearing. The hearing commissioner's decision in Scott's favor was issued on April 24, 1987. Damages were awarded in the amount of $48,507.

An appeal was taken by Northeast to the full commission. Northeast moved for leave to present evidence to the full commission of Scott's actual salary at Montachusett until her retirement in November, 1986. Northeast contended, and it has not been disputed, that Scott's earnings at Montachusett were greater than the salary paid to Northeast's superintendent for the same period. The commission refused to receive the evidence because it had not been presented to the hearing commissioner and, in its view, good cause for that omission had not been shown. The full commission affirmed the hearing commissioner's decision as to both liability and damages.

In September of 1988, Northeast sought judicial review in the Superior Court pursuant to G. L. c. 30A, § 14(7), and,

---

[1]*Northeast Metropolitan Regional Vocational Sch. Dist. Sch. Comm.* v. *Massachusetts Commn. Against Discrimination*, 31 Mass. App. Ct. 84 (1991).

by motion under G. L. c. 30A, § 14(6), [2] leave to present to the commission the additional evidence relating to Scott's interim salary. Without acting explicitly on Northeast's motion, the judge ordered that: "(1) the [Commission's] decision, adverse to [Northeast] is vacated; (2) this matter is remanded to the Commission for further proceedings as to whether the reasons of the plaintiff (respondent there) were [pretexts]; (3) on remand the Commission shall admit evidence as to the complainant's actual salary during her tenure at Montachusett[ ] Regional Vocational Technical School and recalculate its award of damages, if it then makes an award, in accordance with such evidence; and (4) jurisdiction will be retained here in order to facilitate further proceedings, should that prove necessary."

The commission filed a notice of appeal. Northeast moved in the Superior Court to correct the record on appeal with respect to its motion under G. L. c. 30A, § 14(6), for leave to present the additional evidence to the commission. Contending that the motion had been allowed in substance, Northeast requested that the record reflect that the motion had been allowed. The judge denied the motion to correct the record, stating that the motion under G. L. c. 30A, § 14(6), had not been acted upon and, should the appellate court agree with the commission, "the matter is likely to be moot or illuminated for further treatment then."

In its appellate brief, Northeast referred to the undisputed fact that Scott had actually earned more than the successful candidate during the relevant period and that "the Commission acted arbitrarily and capriciously in refusing to accept uncontradicted evidence of official records of Scott's and [the

---

[2]General Laws c. 30A, § 14(6), as appearing in St. 1973, c. 1114, § 3, provides in pertinent part:

"If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper."

successful candidate's] actual salary histories." In this court's decision, *Northeast Metropolitan Regional Vocational Sch. Dist. Sch. Comm. v. Massachusetts Commn. Against Discrimination*, 31 Mass. App. Ct. 84 (1991), we affirmed the decision of the commission as to liability. As to damages, we had this to say:

> "We also conclude that the commission's award of damages was based on substantial evidence. The judge in the Superior Court determined that the complainant had failed to prove her damages because she did not prove what her salary would have been if appointed superintendent by the committee and what her salary was in her new job as superintendent of the Montachusett school after her first year of employment. The burden rested with the committee, rather than the complainant, to prove the complainant's interim earnings at the Montachusett school in mitigation of damages. *J.C. Hilary's v. Massachusetts Commn. Against Discrimination*, 27 Mass. App. Ct. 204, 206, 209-210 (1989). In addition, there was evidence of the new superintendent's salary at the Northeast school from September, 1980, until the hearing date; the complainant's salary at Northeast in September, 1980; the complainant's initial salary at Montachusett in 1981; and the complainant's qualifications. This evidence was adequate to justify the commission's award of back damages of $48,507."

*Id.* at 90. There was no mention in the opinion of either Northeast's motion under G. L. c. 30A, § 14(6), or Northeast's claim that the commission had acted arbitrarily in refusing to consider the additional evidence.

On October 22, 1991, Northeast filed the instant motion under Mass.R.Civ.P. 60(b)(6) to enable the Superior Court judge to rule on Northeast's previously filed motion under G. L. c. 30A, § 14(6). In his memorandum and order, the judge stated that, in his view, he was required by *J.C. Hillary's v. Massachusetts Commn. Against Discrimination*, *supra*, to deny the motion.

35 Mass. App. Ct. 813                               817

Northeast Met. Reg. Vocational Sch. Comm. *v.* Massachusetts Comm'n Against Discrimination.

Ordinarily, G. L. c. 30A, § 14(6), would authorize a Superior Court judge, in his discretion, to order an agency to reopen an administrative proceeding for consideration of additional evidence so long as that evidence "is material to the issues in the case, and . . . there was good reason for failure to present it in the proceeding before the agency." See note 2, *supra.* Compare *Fanion* v. *Director of the Div. of Employment Sec.,* 391 Mass. 848, 851-852 (1984); *Benmosche* v. *Board of Registration in Med.,* 412 Mass. 82, 88 (1992). Moreover, consistent with the structure of the statute, a Superior Court judge's authority under § 14(6), to reopen an administrative proceeding, would be independent of his authority under G. L. c. 30A, § 14(7), to set aside an agency decision. The question before us is whether the judge in this case was precluded by this court's decision in *J.C. Hillary's* v. *Massachusetts Commn. Against Discrimination, supra,* from exercising his discretion under G. L. c. 30A, § 14(6).

In *J.C. Hillary's,* a sex discrimination claim was made and, after hearing, the commission found liability and damages. Upon judicial review under G. L. c. 30A, § 14(7), a judge determined that the commission's decision was correct and that the commission did not abuse its discretion in refusing to reopen the hearings to receive additional evidence of damages. However, noting that J.C. Hillary's counsel's failure to introduce evidence of the complainant's actual interim earnings was due to inexperience and that recovery of the damages awarded would amount to a windfall, the judge remanded the case to the commission for the sole purpose of taking additional evidence of the complainant's interim earnings. The only issue on appeal from that decision was whether J.C. Hillary's should have been given a second opportunity, to avoid a miscarriage of justice, to present evidence of mitigation of damages. The commission's rules of procedure authorized it to order that additional evidence be taken based upon the same criteria of materiality and good cause found in G. L. c. 30A, § 14(6). Because the judge had concluded that the commission did not abuse its discretion in refusing to reopen the hearings to receive the evidence, this

818                                        35 Mass. App. Ct. 813

Northeast Met. Reg. Vocational Sch. Comm. *v.* Massachusetts Comm'n Against Discrimination.

court held that G. L. c. 30A, § 14(7), did not vest in him "a roving commission to undo that with which he disagree[d]." *J.C. Hillary's* v. *Massachusetts Commn. Against Discrimination*, 27 Mass. App. Ct. at 207. The only mention of G. L. c. 30A, § 14(6), in that opinion is a reference to the fact that a motion under that section had been denied before trial by a judge who was not the trial judge, that the statutory standards for granting such a motion are the same as those contained in the commission's regulations, and that the motion was not included in the record on appeal. *Id.* at 208 n.7.

The instant case was presented to the Superior Court judge in essentially the same posture as the *J.C. Hillary's* case, and it involved the same agency, with the same procedural rules, and essentially the same issue relating to interim earnings not presented at the original hearing. The commission would read *J.C. Hillary's* broadly so as to deprive a Superior Court judge, in such circumstances, of any discretion to act under G. L. c. 30A, § 14(6). It is not impossible to construe the *J.C. Hillary's* decision in that fashion. Thus, it could be argued that we would simply have approved the Superior Court judge's exercise of discretion under § 14(6) if, in the particular circumstances, he had authority to act under that section. We read the opinion in that case more narrowly, however, in light of the specific language used. The *J.C. Hillary's* decision was explicitly based on the review, under G. L. c. 30A, § 14(7), of an agency's decision refusing to receive additional evidence, and not on the court's independent authority under G. L. c. 30A, § 14(6), to order the agency to reopen its proceedings to take additional evidence. Thus, in the particular situation facing the trial judge in *J.C. Hillary's*, and in the situation in this case as well, the judge retained authority to exercise his discretion under G. L. c. 30A, § 14(6).

To justify the exercise of such authority, particularly at this late stage in the proceedings, a substantial showing must be made. Compare *Fanion* v. *Director of the Div. of Employment Sec.*, 391 Mass. at 851 (claimant's request under G. L. c. 30A, § 14[6], "amounts to no more than a request

to retry her claim on a different theory and with counsel"); *Benmosche* v. *Board of Registration in Med.*, 412 Mass. at 88. Denial of the motion under G. L. c. 30A, § 14(6), in this case would not be an abuse of discretion. On the other hand, there is an interest on the part of the public in preserving funds earmarked for education, and that interest would be affected adversely by requiring substantial compensation out of those funds to a discrimination victim who suffered no actual loss. On the record before us we cannot say that allowance of the motion would be an abuse of discretion.

Accordingly, we vacate the denial of Northeast's motion for relief from judgment and remand the matter to the Superior Court for further proceedings on the motion under G. L. c. 30A, § 14(6).

*So ordered.*