After the Department of Children and Families (department) found, pursuant to G. L. c. 119, § 51B, that an allegation that Bernard Davis had physically abused his one year old daughter, Jane,[2] had been substantiated, Davis requested a fair hearing pursuant to 110 Code Mass. Regs. §§ 10.00 (2014). The hearing officer affirmed the department's decision to support the allegations of physical abuse (fair hearing decision). Davis sought judicial review of the fair hearing decision pursuant to G. L. c. 30A, § 14, and moved to introduce additional evidence pursuant to G. L. c. 30A, § 14 (6). A Superior Court judge denied Davis's motion and affirmed the fair hearing decision. On appeal, Davis claims that (1) the denial of his motion to introduce additional evidence was an abuse of discretion, (2) the fair hearing decision was not supported by substantial evidence, and (3) the fair hearing decision should be vacated because it was based on a video recording that was obtained in violation of State and Federal wiretap statutes. We affirm.
Background. We summarize the facts from the administrative record. On March 30, 2014, the department received a report pursuant to G. L. c. 119, § 51A ( § 51A report), alleging physical abuse of Jane by Davis. A department social worker and an investigator responded to the incident and interviewed the mother.[3] The mother reported that, earlier that day, Jane was crying and Davis told Jane to "shut your mouth." Using more force than was reasonable or necessary, Davis placed Jane on his lap and held her head so that she could not look at the mother. Davis then put Jane on her back and held her between his legs so that she was unable to move. Davis pinned Jane's arms to the ground and pushed down on her. He then crossed his legs over Jane's torso in order to restrain her. Davis placed Jane in a headlock and dangled her over his leg. The mother recorded the incident on her cellular telephone and took photographs of Jane. The photographs showed a red mark or scratch on Jane's left shoulder, a red mark on her neck, a red mark under Jane's left eye, two apparent fingerprints on the left side of her head, and a red neck. At the hospital, the department investigator observed a bruise above Jane's left eye, a mark under her right eye, and a scratch on her shoulder.
Davis admitted to holding Jane's head and closing Jane's mouth even though "he knew it was wrong." He denied pinning Jane's legs or restraining her as alleged. The investigator viewed the mother's video recording of the incident and observed Davis restraining Jane. The video revealed that Davis put both of his legs on top of Jane and held her arms down while she was crying. Jane struggled to free her arms and Davis forcefully put her arms down.
The department supported allegations of physical abuse by Davis and referred the case to the district attorney. Before the fair hearing, Davis pleaded guilty to a charge stemming from the incident.[4] After the fair hearing, the hearing officer concluded that (1) Davis is a "caretaker" under department regulations, (2) the marks on Jane, as observed by the department investigator, are considered "injuries" within the meaning of the department's regulations, (3) the mother's statements to the department were consistent with and corroborated by Jane's injuries, and (4) even without considering the video, the department gathered sufficient information to warrant reasonable cause to believe that Davis physically abused Jane.[5]
Discussion. 1. Motion to present additional evidence. Pursuant to G. L. c. 30A, § 14 (6), Davis sought to introduce copies of the § 51A report and a criminal complaint filed by the Danvers police department as additional evidence.[6] According to Davis, this evidence showed that the mother and the Danvers police department violated State and Federal wiretap laws by producing and disclosing the contents of the video. The judge denied the motion in a margin endorsement, which Davis contends was an abuse of discretion. See Massachusetts Ass'n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 265-266 (2001) ("A motion for leave to present supplemental evidence pursuant to G. L. c. 30A, § 14 [6], is addressed to the sound discretion of the judge"). We disagree.
A Superior Court judge may order an agency to reopen its proceedings for consideration of additional evidence if "the additional evidence is material to the issues in the case, and ... there was good reason for failure to present it in the proceeding before the agency." G. L. c. 30A, § 14 (6). See Northeast Metro. Regional Vocational Sch. Dist. Sch. Comm. v. Massachusetts Comm'n Against Discrimination, 35 Mass. App. Ct. 813, 817 (1994). Here, as the department notes, expansion of the administrative record to include another copy of the § 51A report "would add nothing" to the hearing officer's conclusion because she had the § 51A report before her. Commonwealth v. Roxbury Charter High Pub. Sch., 69 Mass. App. Ct. 49, 55 (2007). Nor would inclusion of the criminal complaint, where the contents of the complaint mirror the § 51A report and Davis testified about the criminal proceedings at the fair hearing. Thus, even if Davis's explanation for not submitting the complaint constituted "good reason" under G. L. c. 30A, § 14 (6),[7] there was no abuse of discretion. Doe, Sex Offender Registry Bd. No. 15606 v. Sex Offender Registry Bd., 452 Mass. 784, 795 (2008).
2. Substantial evidence. Davis claims that the fair hearing decision was not supported by substantial evidence because the hearing officer relied on a video that should not have been admitted in evidence. We need not decide whether the video was obtained in violation of Federal or State wiretap statutes as Davis claims, because there is no evidence that the hearing officer viewed the video, and she expressly did not rely on it in reaching her decision.[8] Even if the video "factored into" the department's initial decision to support allegations of abuse, "there was other substantial and reliable evidence in the record" to support the hearing officer's decision.[9] Police Dep't of Boston v. Kavaleski, 463 Mass. 680, 691 (2012).
First, the mother's statements bore significant indicia of reliability because (1) the investigator observed bruising and a scratch on Jane that were consistent with the mother's account, and (2) Davis confirmed much of the mother's account in his interview with the department. See Doe, Sex Offender Registry Bd. No. 108000 v. Sex Offender Registry Bd., 459 Mass. 603, 638 (2011) ("In the context of administrative proceedings, hearsay evidence bearing indicia of reliability constitutes admissible and substantial evidence"). Second, Davis admitted to physically closing Jane's mouth by holding her chin with his hand even though he knew it was wrong. Third, Davis pleaded guilty to assault. The hearing officer properly concluded that the department had "reasonable cause to believe that [Davis] did inflict abuse" on Jane. 110 Code Mass. Regs. § 4.32(2) (2009). See 110 Code Mass. Regs. § 2.00 (2008) ("[a]buse means the non-accidental commission of any act by a caretaker upon a child under age 18 which causes, or creates a substantial risk of physical or emotional injury"; "[p]hysical [i]njury" includes "soft tissue swelling or skin bruising"). We discern no error or abuse of discretion.
Judgment affirmed.

A pseudonym.

See Covell v. Department of Social Servs., 439 Mass. 766, 772-779 (2003), for an overview of the department's statutory and regulatory process for investigating allegations of abuse.

Davis testified that he was initially charged with assault and battery on a child. According to the department's brief, and Davis's own testimony, he ultimately accepted a plea on a charge of misdemeanor assault and served a total of six months' incarceration.

Davis does not dispute that he is a "caretaker" under the department's regulations. See 110 Code Mass. Regs. § 2.00 (2008) ("[c]aretaker means a child's: ... parent").

While Davis's motion appears in the record, the documents to which he refers in the motion do not. We take this description of the additional evidence from the department's opposition to the G. L. c. 30A, § 14 (6) motion.

Davis asserts that he did not submit the criminal complaint at the hearing because he was acting pro se and neglected to do so.

The video was not introduced in evidence at the fair hearing.

" 'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' ... a test which takes into account the entire record, both the evidence supporting the agency's conclusion and whatever in the record fairly detracts from the weight of that evidence." Covell, 439 Mass. at 783, quoting G. L. c. 30A, § 1 (6).