Donohue, J.
INTRODUCTION
After receiving notice that her family’s Transitional Assistance benefits were being terminated, the plaintiff, Jessie Boutilier, filed a timely appeal to the administrative review board. The appeal hearing was held on July 31, 1997. By a decision dated August 5, 1997, the hearing officer, Brook A. Padgett, issued a decision denying the plaintiffs appeal and upholding the decision to terminate the plaintiffs Transitional Aid to Families with Dependent Children (TAFDC) benefits.
The plaintiff filed a complaint with the Superior Court pursuant to G.L.c. 30A, §14(7), alleging that the hearing officer made errors of law, and that the decision was not grounded in substantial evidence. In support of this claim, the plaintiff alleges that the hearing officer failed to take into consideration new evidence which was not available at the prior proceeding, but was relative to the outcome of the present case. On February 10,1998, the plaintiff filed a Motion for Judgment on the Pleadings, which was heard by *436 this Court on April 17, 1998. The plaintiffs Motion for Judgment on the Pleadings is allowed, and the matter is remanded to the Department of Transitional Assistance for further proceedings as set forth below.
BACKGROUND
The following facts are taken from the record of the administrative appeal hearing held on July 31, 1997. See G.L.c. 30A, §14(5). On May 2, 1997, the Department of Transitional Assistance (DTA) informed the plaintiff that her TAFDC benefits were being terminated as of May 16, 1997. The plaintiff filed a timely appeal, and the hearing was held on July 31, 1997. In the interim, the plaintiff had applied again for benefits in June 1997, which application was denied.
The record reveals that there was some confusion as to which denial of benefits was the subject of the appeal. Padgett determined that it was the May 1997 termination of benefits which was the subject of the appeal.
Evidence presented at the hearing included the notice of termination of benefits, and copies of medical records relating to the physical condition of John Boutilier, the plaintiffs husband. Diane Keagy, the DTA’s representative at the hearing, testified that based upon the medical records submitted, Dr. Garry Greenfield treated John Boutilier for calf pain which was caused by protrusion of the L4-L5 discs in his back. As a result of the protrusion, on April 20, 1996, John Boutilier underwent a discectomy of the L4-L5 discs.
John Boutilier continued treating with Dr. Greenfield after the surgery, and was prescribed physical therapy to aid in his recovery. The notation of Dr. Greenfield which was relied upon by Keagy at the hearing was dated October 3, 1996. This note stated that ‘The pt is follow-up 5V2 months post discectomy. He is doing very well. He is very improved ... At htis [sic] point the pt may return to his full work activities . . .” Record, Exhibit 26B. Based upon this notation of Dr. Greenfield, Padgett denied the plaintiffs appeal.
At the hearing the plaintiff attempted to introduce additional evidence of John Boutilier’s physical condition, namely that he currently suffers from a herniated disc which makes him unable to work. Padgett did not allow the plaintiff to introduce this evidence, and closed the hearing despite the fact that John Boutilier responded affirmatively when asked whether he had anything to say. In fact, Padgett’s response to John Boutilier was “Listen, listen, listen to me. I’m not gonna’ sit here and listen and have the Department or their witness subjected to it so if you have something relevant to say, I’ll listen to it. If not, I’m gonna’ close the hearing. Okay thank you.” With that, the transcript ended.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. See Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Boston v. Outdoor Advertising Bd., 41 Mass.App.Ct. 775, 782 (1996). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. See Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997), citing G.L.c. 30A, §14(7). The reviewing court may not substitute its judgment for that of the agency. See Southern Worcester County Reg. Voc. Sch. Dist v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977). “The approach is one of judicial deference and restraint, but not abdication.” Arnone v. Commissioner of the Dept. of Social Services, 43 Mass.App.Ct. 33, 34 (1997), citing Fafard v. Conservation Comm’n of Reading, 41 Mass.App.Ct. 565, 572 (1996).
In her Complaint, the plaintiff requests, inter alia, that this Court grant relief which is equitable and just. Through her Motion for Judgment on the Pleadings, the plaintiff requests that the matter be remanded to the administrative board for a new hearing at which she can present evidence of the herniated disc.
Although the supporting case law is both scant and vague, this Court has authority to remand the case to the hearing board for further proceedings pursuant to G.L.c. 30A, §14(6), notwithstanding the absence of a motion from the plaintiff pursuant to that section. See Northeast Met. Rep. Vocational Sch. Comm’n v. Massachusetts Comm’n against Discrimination, 35 Mass.App.Ct. 813, 817 (1994) citing J.C. Hillary’s v. Massachusetts Comm’n against Discrimination, 27 Mass.App.Ct. 204, 207 (1989). In Northeast, the Appeals Court explained the J.C. Hillary's decision: “[bjecause the judge had concluded that the commission did not abuse its discretion in refusing to reopen the hearings to receive the [additional] evidence, this court held that G.L.c. 30A, §14(7), did not vest in [the judge] ‘a roving commission to undo that with which he disagreed.’ ” Northeast, 35 Mass.App.Ct. at 817-18, quoting J.C. Hillary’s, 27 Mass.App.Ct. at 207. From this language, it can be inferred that had the judge concluded that the commission did abuse its discretion, it would have been appropriate, and proper, for the judge to exercise his authority under G.L.c. 30A, §14(6).
Thus, it is necessary for this Court to first determine whether Padgett abused his discretion in prohibiting the plaintiff from introducing additional evidence regarding John Boutilier’s back injuries. Pursuant to the regulations regarding the DTA’s hearing procedures, evidence is admissible at a hearing “only if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.” 106 Code of Mass. Regs. 343.500(A). In addition, evidence may be submitted at the hearing, even if it *437 had not been previously submitted to the DTA, provided the DTA’s representative is afforded an opportunity to review and respond to the evidence. See id.
Documentation regarding John Boutilier’s physical condition is evidence which, if it were admitted, Padgett would have relied upon in reaching the final decision regarding the plaintiffs benefits. In the written decision, Padgett’s summary of the evidence indicates that the plaintiff and John Boutilier did not offer testimony regarding what Padgett perceived to be the issue of the hearing. However, this is not an accurate summation of the record of events. The hearing was to determine whether the plaintiffs TAFDC benefits should have been terminated in light of John Boutilier’s ability to return to work. Through the introduction of additional evidence of John Boutilier’s herniated disc, the plaintiff and John Boutilier attempted to demonstrate that John Boutilier cannot return to work.
Although the record does not elaborate on the contents of the evidence or the kind of evidence that the plaintiff sought to submit, the regulations governing the DTA and the hearing officer permit the consideration of such additional evidence. Irrespective of the fact that the evidence may be the subject of a different hearing, if it is relevant to the issue at hand, it should be admitted. Therefore, it was inappropriate for Padgett to exclude the evidence without consideration of its propriety. For this reason, this Court exercises its authority under G.L.c. 30A, §14(6) to remand this case to allow the hearing officer to consider the evidence that the plaintiff sought to submit. See J.C. Hillary’s, supra. See also Northeast Metro. Reg. Voc. Sch. Dist. Comm'n v. Massachusetts Comm’n against Discrimination, 35 Mass.App.Ct. 813, 817 (1994) (a reviewing court may order that “additional evidence be taken before the agency” only upon a showing that it is “material” and that there was “good reason” for failure to present it in the original proceeding); Benmosche v. Board of Registration in Medicine, 412 Mass. 82, 88 (1992) (same). Evidence which tends to demonstrate that John Boutilier is still injured and unable to work is material to a determination of whether the plaintiffs TAFDC benefits should be terminated. Further, there is some evidence that the plaintiff has brought this evidence to the attention of the DTA prior to the hearing, but Padgett determined that it was not proper for consideration at that time. Where the plaintiff did attempt to present the evidence at the hearing but was denied that opportunity, the plaintiff should be provided the opportunity to have the board consider the evidence. This conclusion comports with the principles of judicial efficiency, and is an appropriate remedy.
Even if it is determined that this Court lacks the authority to utilize the provisions of G.L.c. 30A, §14(6) without a motion, the same result is reached under an analysis of G.L.c. 30A, §14(7). By failing to adhere to the requirements of 106 Code of Mass. Regs. §343.500, Padgett acted unreasonably and arbitrarily and not in accordance with the law governing the presentation of evidence at the hearing. See G.L.c. 30A, §14(7)(g); 106 Code of Mass. Regs. §343.500.
On remand, the Department of Transitional Assistance and the hearing officer should consider the evidence which the plaintiff was not permitted to introduce at the July 31, 1997 hearing. The hearing officer should determine whether the evidence is material, and if so, whether there was good reason for the delay in submission of the evidence.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiff, Jessie Boutilier’s Motion for Judgment on the Pleadings is ALLOWED; It is further ORDERED that the case be REMANDED to the Department of Transitional Assistance for further proceedings and consideration of the evidence excluded at the July 31, 1997 hearing.