CLIFF HOUSE NURSING HOME, INC. & another[1]
vs. RATE SETTING COMMISSION.

Suffolk.  March 3, 1979. – June 4, 1979.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Rate Setting Commission. Division of Hearings Officers. Practice, Civil*, Review of administrative action.

Where a judgment of the Superior Court remanding a proceeding for further agency action was final on the question of the relationship between the Rate Setting Commission and the Division of Hearings Officers, the commission was entitled to appellate review of the question. [191]

Under G. L. c. 6A, § 36, the Division of Hearings Officers has the final authority at the agency level to determine questions of law relating to the rate of payment to a provider of health care services when a decision of the Rate Setting Commission has been appealed to the division. [192-196]

CIVIL ACTION commenced in the Superior Court on May 10, 1976.

The case was heard by *Young*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Margot Botsford*, Assistant Attorney General (*S. Stephen Rosenfeld*, Assistant Attorney General, with her) for the defendant.

*John O. Mirick* for Cliff House Nursing Home, Inc.

*Chester R. McLaughlin*, Special Assistant Attorney General, for the Division of Hearings Officers, intervener.

---

[1] The intervener is the Division of Hearings Officers. The division did not intervene adopting the position of either the plaintiff or the Rate Setting Commission. It is an appellee before us.

WILKINS, J. The central issue in this appeal by the Rate Setting Commission (commission) is whether it or the Division of Hearings Officers (division), established pursuant to G. L. c. 7, § 4H, has the final authority at the agency level to determine questions of law relating to the rate of payment to a provider of health care services when a decision of the commission has been appealed to the division. G. L. c. 6A, § 36. A judge of the Superior Court ruled that the division had the final word. We agree with that conclusion and affirm the judgment.

The plaintiff, Cliff House Nursing Home, Inc., is a provider of health care services for which rates of reimbursement must be established by the commission. G. L. c. 6A, § 32. Cliff House's role in this appeal is now incidental.[2] It disagrees with the rate established by the commission and with the somewhat higher rate which, on appeal, the division determined for it. Cliff House has not appealed from the lower court judgment remanding the proceedings to the commission for further action, and in its brief has not joined in the dispute between the commission and the division.

The commission, however, has appealed. It has not argued the question whether the judge was correct in his decision concerning the rates set for Cliff House by it and by the division. It expressly disclaims any interest in presenting to this court questions concerning the appropriate rate of reimbursement for Cliff House, although it disagrees with the division's and the lower court's determination of this point. What the commission does present for our consideration is the correctness of the judge's determination that under G. L. c. 6A, § 36, the division, and not the commission, is the controlling administrative agency when the two disagree concerning a rate of reim-

---

[2] Cliff House properly commenced this action as a petition for review as authorized by G. L. c. 6A, § 36, when the impasse between the commission and the division led to no final agency determination of a final rate of reimbursement for Cliff House for the fiscal year involved.

bursement determined by the division on appeal from a decision of the commission.

We turn first to the division's argument that, because the judgment remanded the proceeding for further agency action, the commission has no right to appellate review at this time. The division relies on opinions holding that an order of remand to an administrative agency is interlocutory. See *Metropolitan Dist. Comm'n* v. *Department of Pub. Utils.*, 352 Mass. 18, 30 (1967); *Marlborough Hosp.* v. *Commissioner of Pub. Welfare*, 346 Mass. 737, 738 (1964). In those cases, every issue in dispute could have been raised in judicial proceedings brought subsequent to the further agency action. The situation is different here, if the judge was correct in ruling that the commission must follow the division's conclusions on questions of law. If the division's word is final at the agency level, the commission will be assured of appellate review of the Superior Court judgment only by an appeal taken at this time. The commission cannot logically appeal from its own decision on remand. Thus, if the commission cannot now appeal from the judgment remanding the case to it for further proceedings, the commission may never have another opportunity to obtain judicial review of the basic question of the relationship between the commission and the division. From the commission's viewpoint, the Superior Court judgment was final on the question of that relationship. The issue being appealed will not be involved in any way in the further agency proceedings ordered by the court.

There is no doubt that this court has jurisdiction to entertain the commission's appeal (G. L. c. 30A, § 15), and we see no reason to abstain from passing on the merits simply because the judge remanded the matter for further, unrelated administrative action. See *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare*, 347 Mass. 24, 29 n.4 (1964). The appeal is properly here, at least assuming the judge's ruling on the principal point in issue was correct.[3]

---

[3] Appellate review of the judgment may be appropriate in any event

The commission was created pursuant to G. L. c. 6A, § 32, inserted by St. 1973, c. 1229, § 2, to establish fair, reasonable, and adequate rates to be paid providers of health care services by governmental units. The commission consists of three members, a chairman "who shall have administrative experience and an advanced degree in the field of business administration, public administration or law, and two other members of whom one shall be a certified public accountant and one shall be a person experienced in the field of medical economics." *Id.* The procedures by which the commission establishes interim and final rates of reimbursement need not be recounted in detail here. The rates are calculated pursuant to regulations issued by the commission. *Id.* A person aggrieved by a rate established by the commission may "file an appeal with the division of hearings officers established by [G. L. c. 7, § 4H]." G. L. c. 6A, § 36, inserted by St. 1973, c. 1229, § 2. It is at this point that the issue in contention here becomes significant.

The commission argues that it has the last word on all issues of law, including the interpretation of its regulations. The Attorney General, arguing in support of the commission, reiterates conclusions expressed in an opinion he gave to the Secretary of Human Services on January 12, 1978.[4] The position of the division is presented by

because the division's complaint in intervention sought declaratory relief under G. L. c. 231A on the principal issue in dispute between the commission and the division. If that complaint improperly expanded on the issues raised by Cliff House's appeal, no objection was raised by Cliff House or by the commission. If the judgment is treated as declaring rights in a declaratory judgment proceeding, appellate review of that aspect of the judgment is appropriate at this time. See G. L. c. 231A, § 4.

[4] This opinion was given after the issues were drawn in this case. The division's complaint in intervention seeking declaratory relief was filed on August 12, 1977. The case was placed on the summary judgment assignment list for October, 1977, but not heard until March, 1978.

a special assistant attorney general, whom the Attorney General appropriately appointed for that purpose. The division's argument is that the Legislature intended that the division make determinations on questions of law which would be binding on the commission, subject only to judicial review.

Section 36 of G. L. c. 6A does not explicitly define the relative roles of the commission and the division. We shall describe the procedures set forth in that section, pausing where appropriate to note whatever implications of legislative intent may be found in particular statutory language.

The division does not become involved unless a person aggrieved by a commission rate determination claims a right to review of commission action. "On appeal, the rate determined for any provider of services shall be adequate, fair and reasonable for such provider . . . ." G. L. c. 6A, § 36. The division thus is to determine a rate of reimbursement. The division is instructed to conduct an adjudicatory proceeding in accordance with G. L. c. 30A. G. L. c. 6A, § 36. This is the first administrative hearing at which a trial-type proceeding is required in the determination of a rate. The division's decision must be filed with the commission and the State Secretary and must contain "a statement of the reasons therefore [sic], including a determination of each issue of fact or law on which the decision was based." Id. The commission, of course, may be a party, and normally would be a party, to the proceedings, as it was here. We think it significant that the division is given explicit authority to decide questions of law, and not merely to make recommendations on questions of law or to make findings of fact on the basis of which the commission would reach its own conclusions. In this respect, the role of the division is different from that of hearings officers serving within an agency or filing recommended decisions with an agency. See, e.g., G. L. c. 31, § 43; G. L. c. 111, § 25E; G. L. c. 151A, § 41.

If the division's "decision results in a *recommendation* for a rate different from that certified," the commission "shall based upon [the] statement of reasons establish a new rate." G. L. c. 6A, § 36 (emphasis supplied). The word "recommendation" implies less than final authority in the division, with a corresponding right in the commission to reject the recommendation. However, this possible limitation on the authority of the division is belied by the legislative mandate to the commission to establish a new rate based on the division's statement of reasons.

"If the commission determines that the statement of reasons is inadequate to determine a fair, reasonable and adequate rate, it may remand the appeal to the hearing officer for further investigation." *Id.* The commission argues that this language grants it authority to reject the division's determination of a rate as not in accordance with the statutory standard. However, the commission has no right to reject the division's action outright, but only a right to remand the proceeding to the division for further investigation. This limited right of remand arises only when the commission determines that the statement of reasons is inadequate, not when the commission disagrees with the recommended rate. We construe the right of remand to exist only where the statement of reasons contained in the division's decision makes it impossible for the commission to determine the rate for a provider. Cf. G. L. c. 30A, § 11 (8) (requiring every agency decision in an adjudicatory proceeding to be accompanied by a statement of reasons for the decision). The commission is entitled to be told how to calculate the new rate. The commission is not entitled, however, to decline to implement a clearly articulated decision of the division.

Section 36 provides that a party aggrieved by the decision of the commission may file a petition for review in the Superior Court in Suffolk county. Significantly, § 36 provides that "[t]he petition shall set forth the grounds upon which *the decision of the division* should be set aside" (emphasis supplied). "The court may affirm, modi-

fy or set aside *the decision of the division* in whole or in part" (emphasis supplied). *Id.* The division's decision is treated, therefore, as the agency action to be challenged, although that challenge cannot be brought to court until the commission has promulgated the rate.[5]

Although § 36 does not explicitly grant to the commission the right to appeal a decision of the division, we have no doubt that the commission has such a right. Section 36 authorizes judicial review under G. L. c. 30A, § 14, to the extent not inconsistent with its own provisions. Section 14 of G. L. c. 30A, as amended through St. 1976, c. 411, allows an aggrieved person to obtain judicial review of agency action in an adjudicatory proceeding except where "any provision of law expressly precludes judicial review" or where a statutory form of judicial review is provided. Section 36 neither expressly precludes nor provides for judicial review at the request of the commission, nor does it contain any provision inconsistent with the commission's seeking judicial review. Hence, the commission may appeal a decision of the division.

The commission argues that hearings officers traditionally serve a role subordinate to an agency and that, because of the greater competence of the commission on the subject of determining provider costs, the Legislature must have intended to give the commission the last word.[6] Prior to the creation of the division, the commission's own hearings officers had a subordinate status. See G. L. c. 7, § 30O, as appearing in St. 1968, c. 492, § 3; *Massachusetts Gen. Hosp.* v. *Rate Setting Comm'n*, 359 Mass.

---

[5] There is one exception, where the commission has remanded the matter to a hearing officer in the division and no final commission decision is entered within twenty-one days of the date of remand. In that event, which is what happened in this case, an aggrieved provider may appeal the commission's decision without awaiting further agency action.

[6] Hearings officers employed by the division are required to be members of the bar of the Commonwealth and to have had trial experience. G. L. c. 7, § 4H.

157, 166 n.5 (1971). Fully aware that hearings officers previously played a subordinate role in the determination of rates for providers, the Legislature chose to give them the independent function of conducting adjudicatory proceedings, including the authority to make rulings of law and not merely recommendations.

The legislative history of § 36 is not instructive in resolving its ambiguities. A bill fairly far along in the legislative process clearly placed the commission in a role subordinate to the division. See 1973 House Doc. No. 7714, § 2. The language finally adopted added the right of the commission to remand a proceeding to the division in limited circumstances, but, as we have said, that language does not support the commission's claim to the last word on issues contested before the division.

*Judgment affirmed.*