208          432 Mass. 208 (2000)

Lincoln *v.* Personnel Administrator of the Department of Personnel Administration.

RICHARD M. LINCOLN & another[1] *vs.* PERSONNEL
ADMINISTRATOR OF THE DEPARTMENT OF PERSONNEL
ADMINISTRATION & another[2] (and three companion cases[3]).

Suffolk. May 4, 2000. - August 1, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Administrative Law,* Judicial review, Remand to agency, Primary jurisdiction, Exhaustion of remedies. *Department of Personnel Administration.*

The Civil Service Commission correctly dismissed petitions challenging changes in the 1996 fire fighter examination made by the personnel administrator of the Department of Personnel Administration, where the petitioners had failed to exhaust their administrative remedies by not seeking review in the first instance with the personnel administrator pursuant to G. L. c. 31, § 22. [210-213]

CIVIL ACTIONS commenced in the Superior Court Department, one on December 5, 1996, one on April 25, 1997, and two on August 27, 1997, respectively.

The cases were consolidated by *Margaret R. Hinkle,* J., and heard by *Allan van Gestel,* J., on motions for judgment on the pleadings.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jane L. Willoughby,* Assistant Attorney General, for Personnel Administrator of the Department of Personnel Administration.

*Frank J. McGee* for the plaintiffs.

*Jed M. Nosal,* for Boston Fire Department, was present but did not argue.

---

[1] Steven Murray.

[2] Civil Service Commission.

[3] Richard M. Lincoln & another *vs.* Personnel Administrator of the Department of Personnel Administration & another. Kevin Hannon *vs.* Personnel Administrator of the Department of Personnel Administration & another. Christopher J. Broderick *vs.* Personnel Administrator of the Department of Personnel Administration & another.

432 Mass. 208 (2000)                                209

Lincoln v. Personnel Administrator of the Department of Personnel Administration.

IRELAND, J. The plaintiffs in these consolidated actions are four applicants for State employment who have challenged the personnel administrator's change in the scoring and weighting of the 1996 fire fighter examination. They brought individual petitions before the Civil Service Commission (commission), which the commission dismissed, holding that the plaintiffs had failed to exhaust their administrative remedies by not first seeking review with the personnel administrator pursuant to G. L. c. 31, § 22. The plaintiffs appealed, and, after consolidation, a judge in the Superior Court remanded these actions to the commission, ruling that the plaintiffs were not required to seek review initially from the personnel administrator. We transferred the cases to this court on our own motion, and we now reverse.

1. *Facts and procedural history.* The material facts are undisputed. The announcement for the 1996 civil service fire fighter examination stated that the examination would be given in two parts. The first part was a written test, to be administered on April 27, 1996, that would comprise forty per cent of the applicant's final grade. According to the announcement, the second portion was a physical performance test (PPT) that would count as sixty per cent of the applicant's final grade. The PPT was to be administered at a later date. All four plaintiffs participated in the written examination.

On April 27, 1996, after the applicants had completed the written portion of the test, the personnel administrator distributed a written guide to assist in preparing for the PPT. The guide stated that the PPT would be graded on a pass-fail basis and "[p]erforming at better than the passing standards [would] not result in any improvement in [one's] standing." Later that year, the plaintiffs were informed that the PPT had been eliminated from the fire fighter examination. Therefore, the personnel administrator effectively reduced the PPT from sixty per cent to zero per cent of an applicant's score.

Christopher Broderick filed a petition with the commission seeking review of the personnel administrator's alteration of the scoring and weighting of the 1996 Statewide examination. The commission dismissed the appeal on the ground that Broderick failed first to seek review from the personnel administrator pursuant to G. L. c. 31, § 22. Broderick then filed a petition for judicial review pursuant to G. L. c. 30A, § 14.

Kevin Hannon also filed a petition with the commission seeking review of the personnel administrator's change in the grad-

ing of the examination. The commission dismissed this appeal on the same ground and Hannon filed a petition for judicial review pursuant to G. L. c. 30A, § 14.

On December 5, 1996, Richard M. Lincoln and Steven Murray filed a complaint in the Superior Court and, on December 9, they filed a petition with the commission challenging the grading of the examination. On December 11, 1996, a judge issued a preliminary injunction enjoining the personnel administrator from establishing an eligibility list for appointment of candidates in the Boston fire department until the commission ruled on Lincoln and Murray's action. On March 31, 1997, the commission dismissed Lincoln and Murray's petition for failure to seek review with the personnel administrator. Lincoln and Murray then commenced another action in the Superior Court for judicial review. On June 18, 1997, a judge consolidated that action with their earlier complaint. The judge also denied the plaintiffs' motion to extend the preliminary injunction enjoining the personnel administrator from developing an eligibility list.

On December 4, 1997, a Superior Court judge consolidated the actions involving the four plaintiffs. On April 6, 1998, a different Superior Court judge ruled that the commission had erred in dismissing the plaintiffs' petitions, reasoning that G. L. c. 31, § 22, only provides the personnel administrator with a "first shot" *before* the examination to determine whether the examination was a fair test of the applicant's fitness for the position. The judge concluded that providing the personnel administrator with an additional review after the examination "would make him the judge of his own challenged unfairness; something that this Court believes the Legislature would not have intended without much more explicit language." The judge remanded the consolidated cases to the commission for a hearing on the merits, to determine whether the personnel administrator had erred in changing the scoring methodology after applicants had completed the written examination. The commission then filed a timely notice of appeal.

2. *Analysis.* Although a remand is typically not subject to appeal, there is an exception to this rule when an "administrative agency appeals a remand order that is final as to the agency." *Kelly v. Civil Service Comm'n,* 427 Mass. 75, 76 n.2 (1998). See *Cliff House Nursing Home, Inc. v. Rate Setting Comm'n,* 378 Mass. 189, 191 (1979). Therefore, the appeal is properly before us. The only issue for our review is whether the plaintiffs

have exhausted[4] their administrative remedies, that is, whether the plaintiffs were required to file their petitions with the personnel administrator, initially, before seeking review from the commission. General Laws c. 31, § 22, provides:

> "An applicant may request the administrator to conduct a review of whether an examination taken by such applicant was a fair test of the applicant's fitness actually to perform the primary or dominant duties of the position for which the examination was held, provided that such request shall be filed with the administrator no later than seven days after the date of such examination."

Although the use of the word "may" appears to make the review with the personnel administrator discretionary, other portions of the statute clarify that such review is mandatory. General Laws c. 31, § 2 (*b*), authorizes the commission to "hear and decide appeals by a person aggrieved by any decision, action, or failure to act by the administrator, except as limited by the provisions of section twenty-four relating to the grading of examinations." General Laws c. 31, § 24, describes the appeals process specifically in regard to the grading of examinations, stating that the "commission shall refuse to accept any petition for appeal unless the request for appeal . . . was filed in the required time and form and unless a decision on such request for review has been rendered by the administrator." Therefore, the language of G. L. c. 31, § 24, allows the commission to dismiss petitions regarding the grading of examinations that have not first been reviewed by the personnel administrator. Finally, G. L. c. 31, § 23, indicates that the personnel administrator review contemplated by the statute is to take place in response to peti-

---

[4]The doctrine of "primary jurisdiction" describes a situation in which a plaintiff, "in the absence of pending administrative proceedings, invokes the original jurisdiction of a court to decide the merits of a controversy." *Murphy* v. *Administrator of the Div. of Personnel Admin.*, 377 Mass. 217, 220 (1979). The doctrine of exhaustion pertains when administrative action has been commenced, but has not been completed. See *id.* at 220-221. *Barksdale* v. *Director of the Div. of Employment Sec.*, 397 Mass. 49, 52 (1986). Here, as some administrative action was invoked, we treat these cases as involving exhaustion. We note that both doctrines serve the same purpose, that is, "promoting proper relationships between the courts and administrative agencies." *Nader* v. *Allegheny Airlines, Inc.*, 426 U.S. 290, 303 (1976), quoting *United States* v. *Western Pac. R.R.*, 352 U.S. 59, 63 (1956).

tions by applicants, not before the examination, as the Superior Court judge ruled.

None of the plaintiffs filed petitions with the personnel administrator.[5] We also note that there are no circumstances present here that would indicate that it would be appropriate to excuse the failure to exhaust administrative remedies. Here, the Legislature, not the agency, has established the appeals process to be followed. See *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 448 (1973) (where Legislature "established comprehensive scheme of administrative procedures and remedies," exhaustion of remedies required). See also *McCarthy* v. *Madigan*, 503 U.S. 140, 144 (1992) ("where Congress specifically mandates, exhaustion is required"). The situation in the present case does not fall into any of the recognized exceptions to the exhaustion doctrine. See *Everett* v. *Local 1656, Int'l Ass'n of Firefighters*, 411 Mass. 361, 368-369 (1991) (exhaustion excused when question more appropriate for resolution by a court, or remedy provided by agency would be inadequate and time consuming); *Liability Investigative Fund Effort, Inc.* v. *Medical Malpractice Joint Underwriting Ass'n of Mass.*, 409 Mass. 734, 747 (1991), cert. denied, 513 U.S. 1058 (1994) (exhaustion not required when issue presented is constitutional question or agency does not have authority to consider issue); *Kelly K.* v. *Framingham*, 36 Mass. App. Ct. 483, 487 (1994) (acknowledging exception to exhaustion doctrine if severe harm would result from delay); *Uniformed Firefighters of Ludlow, Local 1840* v. *Selectmen of Ludlow*, 29 Mass. App. Ct. 901, 902-903 (1990) (exhaustion necessary if issue is one of fact or one that would benefit from the agency's expertise, and exhaustion would promote judicial economy).

Nor is this an instance where exhaustion is excused as futile. See *Ciszewski* v. *Industrial Acc. Bd.*, 367 Mass. 135, 141 (1975). It is true that the statute does require the personnel administrator to review his own action in response to a petition from an applicant. However, as the personnel administrator designs,

---

[5]The record does not reveal whether applicants generally are informed of the proper procedure for seeking review of the grading or scoring of an examination. Although the plaintiffs in this case were represented by counsel, the timing of the review could mean that many applicants would make an initial filing pro se. In light of our decision today, we urge the commission to make every effort to inform applicants of the proper procedures for seeking review.

administers, and scores the examinations, he possesses expertise in regard to the grading and weighting of the examinations. As the statute is designed, the initial review by the personnel administrator allows him to apply that expertise, determining whether there has been a mistake, or an issue that has been overlooked, that can be easily corrected before an eligibility list is certified. Therefore, the personnel administrator is the most familiar with the examination and is best able to respond to applicants who have raised questions regarding the grading of the examination. Here there have been no allegations that asking the personnel administrator to reconsider the decision would be futile.[6]

Because the plaintiffs have failed to exhaust their administrative remedies, the complaints are dismissed.

*Judgments reversed.*

---

[6]We are not unsympathetic to the plaintiffs' arguments regarding the facts and merits of the cases, which focus on the last-minute nature of the change in the weighting of the examination. It certainly would have been the better practice to have made any change in the weighting of the test, a type of informal rule making, prospective. However, the State Administrative Procedure Act does not apply to either the commission or the personnel administrator, see G. L. c. 30A, § 1 (2), and here the plaintiffs plainly failed to comply with the statutory exhaustion requirements. In light of this failure to exhaust administrative remedies, we decline to consider the merits of the case.

For the first time in this appeal the plaintiffs raise the applicability of G. L. c. 31, § 18, which requires the personnel administrator to notify potential candidates of an examination by posting the "time, place and manner of applying for admission to the examination, the entrance requirements, if any, and any other information which the administrator determines should be included because of its relevancy and usefulness." However, this argument was not raised with the commission and is therefore waived. See *Albert* v. *Municipal Court of the City of Boston*, 388 Mass. 491, 493-494 (1983) (party cannot raise argument on appeal that could have been raised before administrative agency, but was not).