Town of Wrentham[1] *vs.* West Wrentham Village, LLC, & another.[2]

Suffolk. February 4, 2008. - May 27, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Housing. Zoning,* Housing appeals committee, Low and moderate income housing, Comprehensive permit. *Administrative Law,* Judicial review, Exhaustion of remedies. *Declaratory Relief.*

In a civil action brought in Superior Court alleging that the plaintiff town was entitled to a declaratory judgment that it had met its minimum affordable housing obligation requirements under G. L. c. 40B and seeking judicial review of an order issued by the housing appeals committee of the Department of Housing and Community Development (HAC), remanding the matter to the town's zoning board of appeals for consideration of the merits of the defendant developer's comprehensive permit application to build affordable housing in the town, the judge properly granted the defendants' motions to dismiss for lack of subject matter jurisdiction, where the town failed to exhaust its administrative remedies, in that the HAC never rendered a final decision with respect to the application. [513-516]

Civil action commenced in the Superior Court Department on August 12, 2005.

A motion to dismiss was heard by *John C. Cratsley,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Daniel C. Hill* for the plaintiff.

*Juliana deHaan Rice,* Assistant Attorney General, for Housing Appeals Committee.

Ireland, J. As in *Hingham* v. *Department of Hous. & Community Dev., ante* 501 (2008), this case requires us to determine whether a town is entitled to a declaratory judgment that it has met its minimum affordable housing obligation requirements

---

[1]Acting through its zoning board of appeals.

[2]Housing Appeals Committee.

under G. L. c. 40B. A Superior Court judge granted the defendants' motions to dismiss, for lack of subject matter jurisdiction, the town of Wrentham's (town's) complaint seeking judicial review and declaratory judgment concerning a decision by the housing appeals committee (HAC) of the Department of Housing and Community Development (department). Mass. R. Civ. P 12 (b) (1) and (h) (3), 365 Mass. 754 (1974). The motions to dismiss were granted because the town failed to exhaust its administrative remedies. The town appealed, arguing that the HAC decision was final or created an actual controversy entitling the town to a declaratory judgment. The Appeals Court affirmed. *Wrentham* v. *Housing Appeals Comm.*, 69 Mass. App. Ct. 449 (2007). This court granted the town's application for further appellate review. We agree with the Appeals Court's analysis and conclusion that no final administrative order was issued by the HAC, and thus, the town has failed to exhaust its administrative remedies. Accordingly, we affirm the Superior Court's judgment.

*Background.* The relevant statutory scheme of the comprehensive permit act (Act), G. L. c. 40B, §§ 21-23, is set forth in *Hingham* v. *Department of Hous. & Community Dev., supra* at 502-504. See *Wrentham* v. *Housing Appeals Comm., supra* at 452-453. Pertinent here is that a town must devote ten per cent of its housing to low or moderate income housing. See G. L. c. 40B, § 20. Developers seeking to build such housing may submit a comprehensive permit to the local zoning board of appeals. Once a town has met its statutory minimum, it may deny a comprehensive permit. That denial is presumed to be consistent with local needs, and the applicant may not appeal to the HAC. See *Hingham* v. *Department of Hous. & Community Dev., supra* at 503-504 & n.6. However, the conclusive presumption that is afforded to municipalities that have satisfied their minimum affordable housing obligation arises only after the local zoning board of appeals has conducted a hearing to consider the merits of a comprehensive permit. See G. L. c. 40B, § 20; *Boothroyd* v. *Zoning Bd. of Appeals of Amherst*, 449 Mass. 333, 340 (2007).

*Facts*[3] *and procedure.* In 2004, West Wrentham Village, LLC

---

[3]In reviewing a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), "we accept the factual allegations in the plaintiffs'

(developer), filed a comprehensive permit application with the zoning board of appeals of Wrentham (board) to build affordable housing pursuant to G. L. c. 40B, §§ 20-23. In February, 2005, the board denied the comprehensive permit based solely on its determination that it had fulfilled its statutory minimum housing obligation. The board included the Wrentham Developmental Center (WDC)[4] in its calculation of the number of units of low or moderate income housing in the town.

The developer appealed from the board's decision to the HAC. The town moved to dismiss the developer's appeal, claiming that the HAC was barred from reviewing the appeal because the town had already met its minimum housing obligation. The HAC determined that the town had miscalculated its affordable housing units by including over 300 units of housing located at the WDC.[5] Consequently, the HAC denied the town's motion to dismiss and remanded the developer's application to the board for a hearing on the merits.

The town filed a complaint in the Superior Court seeking judicial review (G. L. c. 30A, § 14) of the HAC's decision and a judgment declaring (G. L. c. 231A) that the WDC units qualify as affordable housing, thereby precluding the HAC from reviewing the developer's G. L. c. 40B appeal. A judge in the Superior Court decided that the remand order was not a final decision that was subject to judicial review because the town "must exhaust its administrative remedies." On appeal, the essence of the town's argument is that it should be allowed to challenge directly the HAC's decision concerning whether it has met the ten per cent statutory minimum requirement and the remand order.

*Discussion.* Although G. L. c. 40B, § 22, expressly provides that HAC decisions "may be reviewed in the superior court,"

complaint, as well as any favorable inferences reasonably drawn from them, as true." *Sullivan* v. *Chief Justice for Admin. & Mgt. of the Trial Court*, 448 Mass. 15, 20-21 (2006), quoting *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 322 (1998).

[4]The Wrentham Development Center is a facility managed by the Department of Mental Retardation that provides training, school, diagnostic, residential, and employment services for the mentally disabled.

[5]The details concerning the town's affordable housing and the reasoning of the HAC is detailed by the Appeals Court. *Wrentham* v. *Housing Appeals Comm.*, 69 Mass. App. Ct. 449, 451 n.4 (2007).

judicial review is only available after a *final* decision of an agency in an adjudicatory proceeding. G. L. c. 30A, § 14. See *Wilczewski* v. *Commissioner of the Dep't of Envtl. Quality Eng'g*, 404 Mass. 787, 792 (1989). "An administrative order requiring a subordinate administrative body to reconsider its order is neither final nor appealable." *East Longmeadow* v. *State Advisory Comm'n*, 17 Mass. App. Ct. 939, 940 (1983). Moreover, as we made clear in *Hingham* v. *Department of Hous. & Community Dev.*, supra at 505, where there is a nonfinal administrative determination, administrative remedies have not been exhausted and declaratory relief is premature, because there is no actual controversy. See *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, 390 Mass. 583, 592 (1983) (no actual controversy until final agency decision).

We agree with the Appeals Court that the HAC never issued a final decision; it merely remanded the case to the board so that it could consider the merits of the developer's application. *Wrentham* v. *Housing Appeals Comm.*, supra at 455.[6] "The breadth of choices available to the [board] on remand demonstrates that the order is not a final decision subject to judicial review." *Id.* Some of the board's choices are to "approve the comprehensive permit, with or without conditions (choosing to exceed its minimum housing unit obligation); deny the permit for environmental, safety or health reasons that outweigh the need for affordable housing; . . . or deny the permit, in tandem, for cause and on statutory minima grounds." *Id.* at 456. See *Federman* v. *Board of Appeals of Marblehead*, 35 Mass. App. Ct. 727, 729-730 (1994) (appeal not ripe where "administrative tribunal has choices to make about the result, in nuance and fundamental conclusion").[7]

There is no merit to the town's argument that the circumstances

---

[6]The Appeals Court has clearly set forth the reasons that the town's argument that the HAC lacked subject matter jurisdiction even to render a decision lacks merit. See *Wrentham* v. *Housing Appeals Comm.*, supra at 453-455.

[7]The town argues that "whatever 'leeway' the [b]oard has on remand is offset by the overriding uncertainty" as to what standard it should apply in evaluating the developer's comprehensive permit. We disagree. Regardless of whether a town has satisfied its minimum housing obligation, it must hold a comprehensive hearing that evaluates the permit application based on the "consistent with local needs" standard. *Boothroyd* v. *Zoning Bd. of Appeals of Amherst*, 449 Mass. 333, 340 (2007). As the Appeals Court discussed, the

of this case warrant an exception to the exhaustion requirement because "resort to the agency would be futile" given that the HAC determined that the WDC is not affordable housing and that "[c]ompelling a futile remand . . . cuts against the. . . purpose of Chapter 40B — 'to expedite [comprehensive permit] applications.' " The town's reliance on *Norfolk Elec., Inc.* v. *Fall River Hous. Auth.*, 417 Mass. 207, 210-211 (1994), to support this futility argument is not apt. In the *Norfolk* case, the agency had no fact-finding function because the parties stipulated to the facts, whereas here, whether the WDC units count in the town's subsidized housing inventory is a "fact-specific determination on which the agency's expertise should be brought to bear." *Wrentham* v. *Housing Appeals Comm.*, *supra* at 458. In addition, the remand order is not futile because it gives the board leeway that could render the town's question whether it has met its minimum housing obligations moot. Moreover, as discussed in *Hingham* v. *Department of Hous. & Community Dev.*, *supra* at 510, the lengthy delays inherent in permitting independent litigation would thwart the purpose of G. L. c. 40B.

Furthermore, we have fully addressed and rejected the town's contention that an exception to the exhaustion requirement is warranted because this matter presents a legal question that is of "public significance," in *Hingham* v. *Department of Hous. & Community Dev.*, *supra* at 509-510.

Finally, we address the town's argument that we should view its appeal from the remand order as falling within the so-called *Cliff House* exception. *Cliff House Nursing Home, Inc.* v. *Rate Setting Comm'n*, 378 Mass. 189 (1979). Typically a *judge's* remand order to an agency is not subject to appeal. *Chief Justice for Admin. & Mgt. of the Trial Court* v. *Massachusetts Comm'n Against Discrimination*, 439 Mass. 729, 730 n.5 (2003). However, the *Cliff House* exception to this rule allows an "administrative agency [to] appeal[] a [judge's] remand order that is final as to the agency." *Kelly* v. *Civil Serv. Comm'n*, 427 Mass. 75, 76 n.2 (1998). See *Lincoln* v. *Personnel Adm'r of the Dep't of Personnel Admin.*, 432 Mass. 208, 210 (2000); *Cliff House Nursing Home, Inc.* v. *Rate Setting Comm'n*, *supra* at 191.

town has not done so here. *Wrentham* v. *Housing Appeals Comm.*, *supra* at 453-455.

Thus, where a remand order is final as to the agency to which the matter is remanded by a judge, the *Cliff House* exception allows that agency to seek immediate appellate review because the agency "cannot logically appeal from its own decision on remand." *Id.*

The town argues that the *Cliff House* exception applies because "if it is compelled to conduct a remand hearing, it may never have the opportunity to obtain judicial review of the HAC's determination that the [t]own has not achieved the Housing Unit Minimum threshold." Because the HAC's remand is not final as to the board, the *Cliff House* exception does not apply. See *Federman* v. *Board of Appeals of Marblehead, supra* (remand order that grants agency leeway to decide matter not final).[8]

*Conclusion.* For the reasons stated above, the allowance of the motions to dismiss is affirmed.

*So ordered.*

---

[8]Because we affirm the dismissal of the town's complaint for lack of subject matter jurisdiction for failure to exhaust its administrative remedies, we do not address the town's arguments that it is entitled to a declaratory judgment because it has met its minimum housing obligation under G. L. c. 40B and the relevant regulations, 760 Code Mass. Regs. § 30.02 (2002).