NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-754                                      Appeals Court

COMMERCIAL WHARF EAST CONDOMINIUM ASSOCIATION  vs.
        DEPARTMENT OF ENVIRONMENTAL PROTECTION.


No. 17-P-754.

Suffolk.      March 6, 2018. - June 21, 2018.

Present:  Green, C.J., Sacks, & Shin, JJ.


Administrative Law, Judicial review, Remand to agency,
     Evidence.  Practice, Civil, Review of administrative
     action.  Department of Environmental Protection.



     Civil action commenced in the Superior Court Department on
September 24, 2015.

     A motion for leave to present additional evidence was heard
by Peter M. Lauriat, J., and motions to vacate judgment and for
reconsideration were considered by him.


     Seth Schofield, Assistant Attorney General, for the
defendant.
     John MacAulay Allen (William A. Zucker also present) for
the plaintiff.

SACKS, J.  This appeal presents the question whether a court conducting judicial review under G. L. c. 30A, § 14, of an agency's adjudicatory decision may issue an order of remand to the agency under § 14(6)[1] that reverses various agency evidentiary and discovery rulings -- rulings that would ordinarily be reviewed, along with the remainder of the agency's decision, under § 14(7).  Here, a Superior Court judge issued such an order and corresponding judgment, and the agency appealed.  We conclude that the appeal is properly before us and that the judge erred in acting under § 14(6); the challenge to the agency's rulings should instead have been resolved under § 14(7).  We also conclude that instead of entering a judgment, the judge should have retained jurisdiction.  We therefore vacate the order and judgment and remand to the Superior Court for further proceedings.

---

[1] Section 14(6) provides in full:

"If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper.  The agency may modify its findings and decision by reason of such additional evidence and shall file with the reviewing court, to become part of the record, the additional evidence, together with any modified or new findings or decision."

Background. The plaintiff Commercial Wharf East Condominium Association (CWECA) is an association of owners of condominiums located at the landward end of Boston's Commercial Wharf, but seaward of the historic low water mark, in an area constituting "Commonwealth tidelands" under G. L. c. 91, § 1. The defendant Department of Environmental Protection (department) is charged with administering c. 91, the Waterways Act, which "generally is viewed as an encapsulation of the Commonwealth's public trust authority and obligations" regarding tidelands. Arno v. Commonwealth, 457 Mass. 434, 454 (2010), quoting from Fafard v. Conservation Commn. of Barnstable, 432 Mass. 194, 200 n.11 (2000).

1. Determination of applicability. In 2011, an abutting property owner filed with the department a "request for a determination of applicability," seeking a ruling that a portion of CWECA's property was being used for nonwater-dependent purposes (parking and vehicular access) and that such uses, not being authorized by statute, were impermissible unless CWECA obtained a license under c. 91. In 2012, the department's waterways regulation program issued a positive determination of applicability, concluding that the property at issue was subject to c. 91 and that its current nonwater-dependent uses were unauthorized.

2.  Administrative appeal.  a.  Motion for summary
decision.  CWECA filed an administrative appeal of the
determination and requested an adjudicatory hearing.  CWECA
filed a prehearing statement that listed no disputes of fact,
but only legal issues, as requiring resolution.  CWECA
identified the issues as whether its current use of the area in
question was authorized either by statute, by an existing c. 91
license, or by correspondence in the 1970s between one of
CWECA's predecessors in interest and the State Department of
Public Works (DPW), which had administered c. 91 until 1975.
See St. 1975, c. 706, §§ 123, 312.

After a prehearing conference, the hearing officer
determined that "[t]he issues appear to be amenable to
resolution by motion for summary decision."[2]  In December, 2012,
CWECA filed such a motion, seeking to overturn the positive
determination of applicability.  The department's waterways
regulation program and the abutter opposed the motion, and the
abutter asked that the positive determination be upheld.

In 2013, the hearing officer issued a recommended decision
concluding that there were no genuine issues of material fact

---

[2] See 310 Code Mass. Regs. § 1.01(11)(f) (2004).  A motion
for summary decision "is the administrative equivalent of a
motion for summary judgment."  Zoning Bd. of Appeals of Amesbury
v. Housing Appeals Comm., 457 Mass. 748, 763 (2010).

and that as a matter of law the positive determination should be upheld.  See 310 Code Mass. Regs. § 1.01(11)(f) (2004) ("Summary decision, when appropriate, may be made against the moving party").  Of particular note, the hearing officer ruled that a 1964 statute relied upon by CWECA[3] had not extinguished public trust rights in the Commercial Wharf area, as any legislation doing so must be explicit; that absent such legislation, the department's c. 91 licensing process provided the mechanism for protecting public trust rights in tidelands; and that correspondence of the type cited by CWECA could not satisfy c. 91.

b.  <u>Motion to reopen proceeding and take discovery</u>.  While the recommended decision was awaiting final action by a deputy commissioner of the department (the commissioner having recused himself), CWECA filed a "motion to reopen proceeding and take discovery."  The motion argued that the recommended decision had revealed disputes of fact as to whether the DPW had authorized the property uses in question "through license or correspondence" in the 1970s.  CWECA sought to take discovery

---

[3] CWECA relied upon St. 1964, c. 663, "An Act Authorizing the Department of Public Works and the Boston Redevelopment Authority to Exercise Certain Powers in Regard to Certain Tidelands along the Atlantic Avenue and Commercial Street Waterfront in the City of Boston."

from the department and others to explore the existence of such documents.[4]

In November, 2014, the hearing officer denied CWECA's motion, on three grounds.[5]  First, the hearing officer ruled that the motion was procedurally improper, because the recommended decision had ordered the parties not to move to reargue any part of that decision now that it was before the deputy commissioner for final action.

Second, although a department regulation allowed for a motion to reopen a hearing to submit "new evidence," the hearing officer ruled that CWECA had failed to show that "the evidence to be introduced was not reasonably available for presentation at the hearing," 310 Code Mass. Regs. § 1.01(14)(e) (2004), nor had CWECA previously asserted that any material facts were in dispute.

Third, the hearing officer ruled that the evidence that CWECA hoped to discover was legally immaterial.  To the extent that CWECA hoped to discover a c. 91 license from the 1970s authorizing the disputed uses, not only had CWECA failed to find

---

[4] CWECA also asserted that, at the prehearing conference two years earlier, it had argued that discovery would be necessary, but that the hearing officer had rejected this argument.

[5] We express no view on the merits of these grounds, or on the correctness of the positive determination of applicability.

any evidence of such a license in the department's publicly-accessible licensing files, but, by law, any c. 91 license not recorded by the licensee at the registry of deeds within a specified time after issuance (formerly one year, now sixty days) would be void.  See G. L. c. 91, § 18.  To the extent that CWECA hoped to discover correspondence approving the disputed uses, the existence of such correspondence was "purely speculative," and in any event such correspondence could not authorize a particular use of tidelands.  Only an explicit statute or a c. 91 license could do so.

c.  Final department action.  At the same time as the hearing officer denied CWECA's motion to reopen, the department's deputy commissioner adopted the recommended decision as the department's final decision.  CWECA's motion for reconsideration was denied.

3.  Superior Court proceedings.  CWECA then filed in the Superior Court a complaint for judicial review, under G. L. c. 30A, § 14, of the department's decision.  After the department filed the record of administrative proceedings, see § 14(4), CWECA filed what it styled a "motion for leave to present additional evidence," seeking to reopen the department hearing to "take discovery that was wrongfully denied CWECA." As authority for the court to issue such an order, CWECA cited G. L. c. 30A, § 14(6), which required it to show "that the

additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the agency."  See note 1, supra.

Over the department's opposition, the judge granted CWECA's motion.  The judge ruled that a 1972 statute, when read together with the 1964 statute relied upon by CWECA,[6] "might" have implicitly dispensed with the need for CWECA's predecessor in interest to obtain a c. 91 license for the disputed uses.  The judge thus implicitly rejected -- on a basis that CWECA had not argued to the department -- the final decision's conclusion that, because no statute explicitly authorized those disputed uses, c. 91 required CWECA to obtain a license.

The judge further ruled that evidence on implementation of the 1964 and 1972 statutes was "material," and that the department's denial of CWECA's request for discovery -- which the department had based in part on its conclusion that the materials CWECA sought were not material -- constituted "good reason" for CWECA's failure to present such evidence to the department.  The judge thus implicitly concluded that the department's reasons for denying CWECA's request were not good reasons.  The judge did not mention any deference due to the

---

[6] The judge cited St. 1972, c. 310, which bore the same title as the 1964 statute CWECA relied upon.  See note 3, supra.

department's view of the various statutes bearing on materiality or to the department's procedural rulings.  He ordered the case remanded to the department for CWECA to conduct discovery.

A judgment of remand then entered.  The department moved for reconsideration and to vacate the judgment, arguing that the remand order was erroneous and that, even if the judge declined to overturn it, he should in any event vacate the judgment and retain jurisdiction over the case, as § 14(6) assertedly required.  The judge denied the motion, and this appeal followed.

Discussion.  1.  Appellate jurisdiction.  At the outset we consider and reject CWECA's argument that the order remanding the case, being interlocutory in character, was not appealable by the department.  We conclude that although the order was interlocutory,[7] the department's appeal "fall[s] within the so called Cliff House exception" and is therefore proper.  Wrentham v. West Wrentham Village, LLC, 451 Mass. 511, 515 (2008) (West

---

[7] We give no weight to the fact that the order was also memorialized in a document labeled a judgment.  As CWECA and the department agree, a remand under § 14(6) is interlocutory.  Cf. Marlborough Hosp. v. Commissioner of Pub. Welfare, 346 Mass. 737, 738 (1964) ("final decree" remanding matter to agency for further proceedings was interlocutory; "[t]he title 'final decree' did not make the decree of remand final in substance").  For clarity, our discussion will refer to the remand order.  We return later to the department's argument that no judgment should have entered.

Wrentham Village), citing Cliff House Nursing Home, Inc. v. Rate Setting Commn., 378 Mass. 189 (1979).

> "Typically a judge's remand order to an agency is not subject to appeal. However, the Cliff House exception to this rule allows an 'administrative agency [to] appeal[] a [judge's] remand order that is final as to the agency.' Thus, where a remand order is final as to the agency to which the matter is remanded by a judge, the Cliff House exception allows that agency to seek immediate appellate review because the agency 'cannot logically appeal from its own decision on remand.'"

West Wrentham Village, 451 Mass. at 515-516 (citations omitted).

Under Cliff House, remand orders under § 14(7) have been held final as to, and thus appealable by, the agency, even though they did not compel a particular result on the merits,[8] but merely required taking additional evidence, see J.C. Hillary's v. Massachusetts Commn. Against Discrimination, 27 Mass. App. Ct. 204, 206-207 & n.4 (1989), or related solely to what the reviewing Superior Court viewed as an agency procedural or evidentiary error. See Kelly v. Civil Serv. Commn. 427 Mass. 75, 76 n.4 (1998) (remand to reconsider without reliance on erroneously admitted evidence); Lincoln v. Personnel Adminstrator of the Dept. of Personnel Admin., 432 Mass. 208, 210-211 (2000) (remand to follow different procedure); Chief

---

[8] CWECA observes that in West Wrentham Village, a remand order was held nonappealable by a local board under Cliff House because the order left the board discretion about the final result. See West Wrentham Village, 451 Mass. at 514, 516.

Justice for Admin. & Mgmt. of the Trial Court v. Massachusetts Commn. Against Discrimination, 439 Mass. 729, 730 n.5, 734 (2003) (remand for additional findings).  These Supreme Judicial Court decisions, all cited in West Wrentham Village, 451 Mass. at 515, show that it is not a prerequisite to the application of Cliff House that a remand order compel a particular result on the merits.[9]

Here, the remand order was final as to the department, and thus immediately appealable, because it rejected two department rulings in a manner that the department might otherwise never be able to appeal.  The remand order effectively overruled the department's conclusions that CWECA's discovery request was procedurally improper and sought information that was substantively immaterial.  Had the department proceeded in accordance with the remand order, there was no assurance that the matter would ever have returned to the Superior Court or led to a judgment from which the department could appeal.  The only

---

[9] Whatever uncertainty there may be about the exact reach of Cliff House, see n. 8 supra, we choose to apply it and reach the merits here, particularly because the issue on appeal -- whether § 14(6) may be used to challenge agency rulings reviewable under § 14(7) -- is an important one that might otherwise escape appellate review.  We do not decide whether a proper § 14(6) order, which as discussed infra the order here was not, would necessarily be appealable by the agency under Cliff House.

sure way for the department to obtain review of the remand order was to appeal from it directly, as Cliff House permits.[10]

2. Propriety of action under § 14(6). We now come to the question whether, when an agency has rejected a party's request to consider certain evidence, a judge acting under § 14(6) may allow the party's motion to remand to the agency to consider that same evidence, where doing so would effectively overturn the agency's ruling. We hold that § 14(6) may not be used in this manner; instead, such a remand may be sought under § 14(7), and granted if warranted under the standards of review set forth therein. Section 14(6) is not an alternative means of obtaining review of an agency ruling or decision. Rather, it is a mechanism for supplementing the original agency record, in narrow circumstances, before the court completes its review of the agency's decision under § 14(7).

---

[10] Finally, we reject CWECA's claim that the department is judicially estopped from asserting that the remand order is final as to the department so as to implicate Cliff House. Although the department filed, in addition to this appeal, an unsuccessful petition to a single justice, under G. L. c. 231, § 118, first par., seeking interlocutory review of the remand order, the department's filing stated that it might also be entitled to a full appeal under Cliff House. The department thus has not "use[d] the judicial process in an inconsistent way that courts should not tolerate," so as to warrant applying judicial estoppel. East Cambridge Sav. Bank v. Wheeler, 422 Mass. 621, 623 (1996). See also McMenimen v. Passatempo, 452 Mass. 178, 188 (2008) (party that was unsure whether order was interlocutory, or was appealable as of right, could both petition single justice and file notice of appeal).

Section 14(7) authorizes the reviewing court to, among other things, "remand the matter for further proceedings before the agency" if a party's substantial rights have been prejudiced because the agency's decision either violates constitutional provisions, exceeds the agency's statutory authority or jurisdiction, is based upon an error of law or unlawful procedure, is unsupported by substantial evidence, or is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. Importantly,

> "[t]he court shall make the foregoing determinations upon consideration of the entire record, or such portions of the record as may be cited by the parties. The court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."

G. L. c. 30A, § 14(7). Thus, where an agency denies a party's request to consider (or permit discovery to obtain) certain evidence, based on the agency's view that the request is procedurally improper or that the evidence is legally immaterial, that party remains free to challenge the agency ruling on any of the § 14(7) grounds just mentioned.

Here, for example, CWECA's complaint for judicial review challenged the department's discovery ruling on multiple grounds, including that it violated CWECA's procedural rights, and was premised on legal errors in the department's interpretation of the c. 91 scheme it is charged with enforcing

and of other statutes relevant to the public trust in tidelands. CWECA's § 14(6) motion added a claim that the discovery ruling was arbitrary, capricious, and an abuse of discretion.  As CWECA's own motion conceded, all of these claims were reviewable under § 14(7).

But the two subsections are not interchangeable alternatives.  Section 14(6) is, in a sense, a narrow exception to the rule that "an issue not raised before the [agency] is deemed waived" on judicial review under § 14(7).  Vaspourakan, Ltd. v. Alcoholic Bevs. Control Commn., 401 Mass. 347, 354 (1987).  If the party challenging the agency decision has failed to present material evidence to the agency, but can show "good reason" for that failure, then § 14(6) allows a remand so that the agency can take the additional evidence, and supplement its findings or decision if necessary, before the court undertakes its review of the final agency decision.  If, on the other hand, the party has attempted to present the evidence, but was prevented from doing so by an agency ruling, the party's remedy is not to seek a remand under § 14(6), but to challenge the agency ruling under § 14(7).

Importantly, § 14(7) relief may be granted only after review of "the entire record" (or those portions cited by the parties), and only after giving "due weight to the experience, technical competence, and specialized knowledge of the agency,

as well as to the discretionary authority conferred upon it."
Such judicial deference is required -- but apparently was not
afforded -- in each of the three areas implicated by the
department's ruling here.

First, where (as here) the agency's challenged evidentiary
ruling is based on its interpretation of the statutes it
administers, the reviewing court must be mindful that "[w]hile
the 'duty of statutory interpretation is for the courts . . . an
administrative agency's interpretation of a statute within its
charge is accorded weight and deference. . . .  Where the
[agency's] statutory interpretation is reasonable . . . the
court should not supplant [its] judgment' (citations
omitted)." Peterborough Oil Co. v. Department of Envtl.
Protection, 474 Mass. 443, 449 (2016), quoting from Dowling
v. Registrar of Motor Vehicles, 425 Mass. 523, 525 (1997).[11]

Second, "regulation of the administrative discovery process
lies within the sound exercise of the hearing officer's
discretion, just as regulation of the discovery process in
judicial proceedings lies within the sound exercise of judicial

---

[11] This is no less true in the c. 91 context.  See Navy Yard
Four Assocs. v. Department of Envtl. Protection, 88 Mass. App.
Ct. 213, 221 (2015) (department's interpretations of c. 91 were
"reasonable and entitled to deference," citing Goldberg v. Board
of Health of Granby, 444 Mass. 627, 633 [2005]).

discretion."  Augis Corp. v. Massachusetts Commn. Against
Discrimination, 75 Mass. App. Ct. 398, 404-405 (2009).

Third, where (as here) the evidentiary or discovery ruling
is bound up with matters of agency procedure, "agencies have
broad discretion over procedural matters before them."  Zachs
v. Department of Pub. Util., 406 Mass. 217, 227 (1989).  A
reviewing court should "defer to an agency's procedural
rulings," reviewing them only for error of law or abuse of
discretion, "in particular when the ruling concerns whether to
reopen a proceeding or an administrative record (emphasis
added)."  Brockton Power Co. v. Energy Facilities Siting Bd.,
469 Mass. 215, 219 (2014).

A party challenging an agency evidentiary or discovery
ruling cannot evade these deferential § 14(7) standards of
review, and thereby disrupt the proper balance of authority
between agencies and courts, by bringing its challenge under
§ 14(6).  It is true that § 14(6) requires a showing "to the
satisfaction of the court" that the proposed additional evidence
is material and that there was good reason for the failure to
present it to the agency, and that § 14(6) allows the court, if
satisfied, to order the additional evidence taken before the
agency "upon such conditions as the court deems proper."  But
this does not imply that a party may elect, by proceeding under
§ 14(6) rather than § 14(7), to have the agency's ruling

reviewed solely for whether it comports with the court's own views on the agency's governing statutes and internal procedures. To the contrary, it implies that § 14(6) is addressed only to those situations where, for "good reason," the agency has not already been presented with and ruled upon the evidentiary question. Where there is no relevant agency ruling for the court to review under deferential § 14(7) standards, the court's own views necessarily assume heightened importance.[12]

Moreover, where the agency has already ruled on the evidentiary issue, it would make little sense to permit the challenging party to use § 14(6) to bifurcate the judicial review process, by bringing claims of erroneous exclusion of evidence through a motion under § 14(6), while challenging the agency's other claimed errors through the well-established process for judicial review under § 14(7). See Superior Court Standing Order 1-96. All claims of agency error should be reviewed together, based "upon consideration of the entire

---

[12] We do not suggest that the court acting under § 14(6) owes any less deference than under § 14(7) to any preexisting agency interpretations of relevant statutes, agency procedural rules or practices, and prior agency rulings that may bear on whether the proposed additional evidence meets § 14(6) standards. We decide simply that § 14(6) applies only where there is no agency ruling in the proceeding under review that addresses the proposed additional evidence at issue.

record" or the portions cited by the parties.[13]  G. L. c. 30A,
§ 14(7).  Such plenary consideration tends to maintain the
required focus both on the substantive review standards of
§ 14(7) and on whether "the substantial rights of any party may
have been prejudiced" by any agency error that occurred.  Ibid.
Piecemeal review, examining some issues under § 14(6) and others
under § 14(7), would lead to an inefficient use of judicial and
agency resources, as well as delay and disruption.

Established standards of appellate review support this
conclusion.  An appellate court reviewing a Superior Court's
ruling under § 14(7) "is conducting an analysis of the same
agency record, and there is no reason why the view of the
Superior Court should be given any special weight. Both in the
Superior Court and in [the appellate] court the scope of review
is defined by G. L. c. 30A, § 14."  Southern Worcester County.
Regional Vocational Sch. Dist. v. Labor Relations Commn., 377
Mass. 897, 903 (1979) (citations omitted).  See Heineken U.S.A.,
Inc. v. Alcoholic Bevs. Control Commn., 62 Mass. App. Ct. 567,
568 n.3 (2004).  A judge's action under § 14(6), in contrast, is
reviewed for abuse of discretion.  Massachusetts Assn. of
Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 266

---

[13] But see G. L. c. 30A, § 14(5) ("in cases of alleged
irregularities in procedure before the agency, not shown in the
record, testimony thereon may be taken in the court").

(2001); <u>Commonwealth</u> v. <u>Roxbury Charter High Pub. Sch</u>., 69 Mass. App. Ct. 49, 53 (2007).  It would make little sense for a judge's decision either upholding or rejecting a party's challenge to an agency evidentiary ruling to be subject to differing standards of appellate review depending on whether the judge had ruled under § 14(6) or § 14(7).  Again, the more logical conclusion is that § 14(6) simply does not authorize such challenges.

Thus we think it no coincidence that, in all but one of the reported decisions concerning motions under § 14(6), there is no indication that the agency had already ruled on whether to accept the additional evidence proffered to the reviewing

court.[14]  Even the single exception we have identified[15] tends to

support our conclusion:  a challenge to such an agency ruling

should be made and resolved under § 14(7).

    3.  <u>Retention of jurisdiction under § 14(6)</u>.  Finally, even

if the remand order under § 14(6) had been proper, the judge's

declining to retain jurisdiction would still be error.  "The

---

    [14] See <u>Fanion</u> v. <u>Director of Div. of Employment Security</u>,
391 Mass. 848, 850-852 (1984); <u>Benmosche</u> v. <u>Board of
Registration in Med</u>., 412 Mass. 82, 88 (1992); <u>Massachusetts
Assn. of Minority Law Enforcement Officers</u>, 434 Mass. at 265-
266; <u>Doe, Sex Offender Registry Bd. No. 15606</u> v. <u>Sex Offender
Registry Bd</u>., 452 Mass. 784, 795 (2008); <u>She Enterprises, Inc</u>.
v. <u>State Bldg. Code Appeals Bd</u>., 20 Mass. App. Ct. 271, 272-273
(1985); <u>Northeast Metropolitan Regional Vocational Sch. Dist.
Sch. Comm</u>. v. <u>Massachusetts Commn. Against Discrimination</u>, 35
Mass. App. Ct. 813, 814-815 (1994); <u>Roxbury Charter High Pub.
Sch</u>., 69 Mass. App. Ct. at 52-55.  Notably, in the <u>Roxbury
Charter High Pub. Sch</u>. case, we held that a new financial
statement showing a small surplus was not "material" evidence
warranting a § 14(6) remand, "because the hearing officer
expressly anticipated that possibility in his decision, and
stated his view that such a result would not alter his
conclusions concerning the school's prospective financial
viability."  <u>Id</u>. at 54.

    [15] See <u>Northeast Metropolitan Regional Vocational Sch. Dist.
Sch. Comm</u>. v. <u>Massachusetts Commn. Against Discrimination</u>, 31
Mass. App. Ct. 84 (1991) (<u>Northeast I</u>), and <u>Northeast
Metropolitan Regional Vocational Sch. Dist. Sch. Comm</u>. v.
<u>Massachusetts Commn. Against Discrimination</u>, 35 Mass. App. Ct.
813 (1994) (<u>Northeast II</u>).  As explained in <u>Northeast II</u>, the
Superior Court, after reviewing the agency's decision under
§ 14(7), remanded for the consideration of additional evidence.
But, for reasons unclear from the record, the propriety of that
order was not considered in the original appeal, <u>Northeast I</u>.
See <u>Northeast II</u>, 35 Mass. App. Ct. at 815-816.  That and other
unusual circumstances led to the later consideration of a motion
for a remand under § 14(6).  <u>Id</u>. at 815-816, 818-819.

procedure for remand delineated in [§ 14(6)] apparently contemplates the retention of jurisdiction."  White v. Director of the Div. of Employment Security, 395 Mass. 635, 639 n.4 (1985).  The text of § 14(6) leaves little room for any other view.[16]  Superior Court Standing Order 1-96, third par., issued to facilitate the orderly resolution of claims for judicial review under § 14 and similar statutes, has long provided that if the court allows a § 14(6) motion, "all further proceedings shall be stayed until the administrative agency has complied with the provisions of [§ 14(6)]."  A court ordering a § 14(6) remand should, rather than entering a judgment,[17] retain jurisdiction and stay its proceedings during the remand.

Conclusion.  It was error to rely on § 14(6) to overturn the department's evidentiary and procedural rulings and remand to the department for the taking of further evidence.  Such relief was available, if at all, only under § 14(7).  Accordingly, the order and judgment under § 14(6) are vacated,

---

[16] By providing that, after taking additional evidence, "[t]he agency may modify its findings and decision . . . and shall file with the reviewing court, to become part of the record, the additional evidence, together with any modified or new findings or decision," § 14(6) plainly envisions further filings and proceedings in the original reviewing court.  These would be unnecessarily cumbersome, if not impossible, unless the matter remained pending in that court.

[17] A "judgment" is "the act of the trial court finally adjudicating the rights of the parties . . . (emphasis added)."  Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974).

and the case is remanded to the Superior Court for further proceedings.

<u>So ordered</u>.