The plaintiff, John Doe, appeals from a judgment that affirmed the Sex Offender Registry Board's (SORB) decision to classify him as a level two sex offender and a postjudgment order denying his motion to remand the case to SORB for the consideration of "new evidence." He contends that SORB failed to consider a mitigating factor under 803 Code Mass. Regs. § 1.33(29) (2016) (mitigating factor § 1.33 [29] ), and that the motion judge abused his discretion in denying Doe's motion which sought leave under G. L. c. 30A, § 14 (6) ( § 14 [6] ), to expand the record to include new evidence on this mitigating factor. We affirm.
Discussion. Pursuant to § 14 (6), Doe sought a remand for consideration of new evidence that after SORB issued its decision, Doe became offense free for at least five years -- entitling him, therefore, to consideration of mitigating factor § 1.33(29), which he asserts SORB did not consider. We are not persuaded.
SORB classifies sex offenders based on current risk assessments, see Doe, Sex Offender Registry Bd. No. 7083 v. Sex Offender Registry Bd., 472 Mass. 475, 481-482 (2015) (Doe No. 7083 ), and, absent exceptions inapplicable here, courts review the administrative record of final SORB classifications to determine merely whether SORB acted lawfully, see Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014), citing G. L. c. 30A, § 14 (7). To that end, § 14 (6) provides "a mechanism for supplementing the original agency record, in narrow circumstances, before the court completes its review of the agency's decision." Commercial Wharf E. Condominium Ass'n v. Department of Envtl. Protection, 93 Mass. App. Ct. 425, 432 (2018). However, "[s]ection 14 (6) is not an alternative means of obtaining review of an agency ruling or decision." Id.[2] We review a judge's decision regarding the inappropriateness of expanding the record under § 14 (6) for an abuse of discretion, and we see none here.
Mitigating factor § 1.33(29) permits consideration of a sex offender's refrain from reoffending for five years from either his release from custody for a sexual offense or nonsexual violent offense, or, where the defendant had not been incarcerated, from the date of his conviction. In this case, Doe was convicted of the governing sexual offense on July 25, 2012, and was not further incarcerated. As such, for consideration of mitigating factor § 1.33(29) Doe needed to be offense free until at least July 25, 2017. When SORB classified Doe over one year earlier on May 6, 2016, he had not met the criteria for SORB's consideration of mitigating factor § 1.33(29) and, therefore, SORB properly did not consider it. See Doe No. 7083, 472 Mass. at 488 ("a sex offender's final classification reflects a level of risk and dangerousness that is current at a time"). Accordingly, the motion judge did not abuse his discretion in denying Doe's motion to remand the case for consideration of information pertaining to a factor that was properly not considered by SORB. There was no error.
Judgment affirmed.
Order denying motion to remand affirmed.

Notably, Doe failed to timely serve his motion within "twenty (20) days after service of the record by the administrative agency," as required by Superior Court Standing Order 1-96(3). Nevertheless, where the judge ruled on the merits of Doe's motion irrespective of its untimeliness, so do we.