The plaintiff, Timothy Burke, trustee of the TVB Trust (trust), appeals from a Superior Court judgment entered after the allowance of the defendants' motion for judgment on the pleadings. We affirm.
Background. In 2016, Burke sued the town of Dennis (town) and the town's building inspector,[4] seeking (1) a declaratory judgment that the lot known as 23 Uncle Bill's Way (property) is buildable; (2) a determination that the property is buildable due to selective enforcement of the local bylaw in violation of the trust's and its beneficiaries' equal protection rights under the Massachusetts Declaration of Rights and the United States Constitution; and (3) damages due to the building inspector's interference with the trust's civil rights to build on the property, in violation of the United States Constitution and the laws of the Commonwealth.
On May 2, 2016, the defendants filed a motion for judgment on the pleadings. On January 16, 2018, the judge allowed the defendants' motion, after which Burke filed a timely notice of appeal from the judgment of dismissal.[5]
Discussion. We review de novo a Superior Court judge's order allowing a motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974). See Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013). "For the purposes of a rule 12 (c) motion, all of the well-pleaded factual allegations of the nonmoving party are assumed to be true." Champa v. Weston Pub. Schs., 473 Mass. 86, 90 (2015).
1. Count I -- Declaratory judgment that the property is buildable. As we conclude in our decision today in the appeal in Burke I (see note 4, supra ), Burke failed to exhaust available administrative remedies under G. L. c. 40A, §§ 8, 17 ; thus, an actual controversy does not exist and the Superior Court does not have jurisdiction to hear count I. See Wrentham v. West Wrentham Village, LLC, 451 Mass. 511, 514 (2008) ; Quincy v. Planning Bd. of Tewksbury, 39 Mass. App. Ct. 17, 20 (1995). The judge correctly ordered dismissal of count I.[6]
2. Count III -- Massachusetts Civil Rights Act claim against the building inspector.[7] A claim is proper under the Massachusetts Civil Rights Act (MCRA), G. L. c. 12, §§ 11H, 11I, and may be brought against a public employee when the plaintiff proves that "(1) [his] exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion.' " Swanset Dev. Corp. v. Taunton, 423 Mass. 390, 395 (1996), quoting G. L. c. 12, § 11I.
In count III Burke sought recovery under the MCRA, alleging that the building inspector interfered with his property rights by means of economic coercion. This claim is premature; thus, we need not reach the merits of Burke's allegation.[8] As we stated above, Burke failed to pursue the administrative remedies available to him under G. L. c. 40A, §§ 8, 17. We cannot predict whether the building inspector or the town would have granted Burke's building permit application had he opted to submit one. The town may well determine the property is buildable. Without an actual decision from the building inspector or the town, it is impossible to determine whether the building inspector interfered with Burke's property rights in violation of the MCRA. Accordingly, Burke's MCRA claim is premature and was properly dismissed.[9]
Judgment affirmed.

Materials in the record also refer to this official's title as building commissioner. The complaint sued the building inspector in an official capacity only.

We note that in an earlier cause of action (Burke I ), Burke sued the town and others in connection with the property. In Burke I, the judge denied Burke's motion to amend his complaint, which sought to add a declaratory judgment claim that the property was buildable and add constitutional claims against the town and its building inspector. Burke both appealed the denial (see our docket no. 17-P-1016) and commenced a new three-count complaint asserting similar claims against the town and the building inspector. That three-count complaint is at issue in this appeal.

The defendants argue that count I is precluded by res judicata. We need not reach that argument, as we have affirmed the dismissal of count I on jurisdictional grounds.

On appeal, Burke raised no argument regarding count II; thus, we deem it waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Burke also waived his claim in count III against the building inspector under 42 U.S.C. § 1983. Accordingly, the only remaining claim in count III is against the building inspector under the Massachusetts Civil Rights Act.

The defendants argue that like count I, count III is precluded. As before, we do not reach the preclusion argument because we affirm the dismissal on another ground.

We deny the defendants' request for appellate attorney's fees and double costs.